THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-235-FL

PAMELA MELVIN,          )
                         )
    Plaintiff,          )
          v.           )    **MEMORANDUM AND**
                         )    **RECOMMENDATION**
SOCIAL SECURITY ADMINISTRATION and )
the UNITED STATES OF AMERICA,    )
                         )
    Defendant.        )

This action comes before this Court on the following matters: (1) Motion to Remand [DE-11] filed by Michael Astrue as Commissioner for the Social Security Administration; (2) *pro se* Plaintiff Pamela Melvin's ("Plaintiff") Motion to Strike, in the Alternative, to Deny Motion to Remand [DE-31], (3) Plaintiff's Motion for Entry of Default [DE-33], (4) Plaintiff's Motion for Default Judgment, in the Alternative, Judgment on the Pleadings [DE-38] and (5) Plaintiff's Motion for Expedited Review [DE-39].[1] The time for briefing has expired and the pending motions are ripe for adjudication. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions are considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Local Civil Rule 72.3(c). For the reasons set forth below, this Court recommends that the Commissioner's Motion to Remand be DENIED and Plaintiff's Motion to Deny the Commissioner's Motion to Remand be ALLOWED IN PART and DENIED IN PART. Upon review of the complaint *sua sponte*, this Court recommends that Plaintiff's claims be DISMISSED

---

[1] Plaintiff has filed a Motion to Amend Complaint [DE-16], Motion to Compel Defendants to Answer the Complaint [DE-19], and Motion to Stay Defendant's Motion to Remand [DE-21]. Plaintiff subsequently moved to discard and void her motion to amend the complaint [DE-25] and has moved to set aside her motion to compel and motion to stay [DE-31]. This Court construes Plaintiff's latter motions as a withdrawal of her motion to amend the complaint [DE-16], motion to compel [DE-19], and motion to stay [DE-21] and accordingly recommends that these motions be DENIED AS MOOT.

IN PART for lack of subject matter jurisdiction. It is recommended further that Plaintiff's Motion for Entry of Default be DENIED and Plaintiff's Motion for Default Judgment, in the Alternative, Judgment on the Pleadings and Plaintiff's Motion for Expedited Review be DENIED AS MOOT.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by Complaint [DE-5] filed 24 June 2009 ("2009 complaint"), alleging claims under the Privacy Act ("the Act"), 5 U.S.C. § 552a, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 arising out of the alleged failure of the Social Security Administration ("SSA" or "the agency") to (1) comply with the 11 April 2007 court order in *Melvin v. Astrue*, No. 5:06-CV-306-FL, (2) act on Plaintiff's appeal of the agency's decision to terminate her medical insurance, (3) respond to Plaintiff's document request pursuant to both the FOIA and the Privacy Act, and (4) maintain Plaintiff's disability benefits record. Compl. ¶¶ 44-45, 55, 89, 99, 106 [DE-5]. On 4 September 2009, in lieu of an Answer, the Commissioner filed a motion to remand this matter pursuant to sentence six of 42 U.S.C. § 405(g) in order for the Commissioner to remedy its failure to comply with the 11 April 2007 court order. [DE-11]. On 10 November 2009, Plaintiff moved to strike, or in the alternative, to deny the Commissioner's motion [DE-31], to which the Commissioner responded on 19 November 2009 [DE-35].[2] On 30 November 2009, Plaintiff filed a reply. [DE-37]. Plaintiff then filed a motion for default judgment or, in the alternative, judgment on the pleadings [DE-38] and a motion for expedited review of her motion for default judgment. [DE-39].

---

[2] A duplicate of the Commissioner's response appears in the electronic case docket at DE-36.

## II. STATEMENT OF FACTS / PLAINTIFF'S ALLEGATIONS

A. Prior Proceedings

In 1995, an Administrative Law Judge ("ALJ") determined Plaintiff was eligible to receive Social Security disability benefits. *See Melvin v. Astrue*, No. 5:06-CV-306-FL at [DE-46]. Plaintiff's benefits were backdated to a disability onset date of March 1995 and she received benefits through November 2000. *Id.* Subsequently, Plaintiff's disability benefits were terminated and on 24 May 2004, Plaintiff received a letter from the Commissioner stating Plaintiff had in fact been overpaid $54,628.20. *Id.* Plaintiff submitted a timely request to the Commissioner for waiver of recoupment and on 12 July 2006, the SSA denied her request. *Id.* On 17 July 2006, Plaintiff filed an appeal of the decision to deny the request for waiver. *Id.* at 6. Before the appeal was heard, on 4 August 2006 Plaintiff filed a complaint ("2006 complaint") in Federal Court. The Commissioner sought, and on 11 April 2007 the District Court granted, dismissal of Plaintiff's 2006 complaint for lack of subject matter jurisdiction as Plaintiff had failed to exhaust her administrative remedies. *Id.* at 1, 7. In its case briefing, the Commissioner advised the District Court that the Commissioner would treat Plaintiff's 2006 complaint as an appeal. Accordingly, the District Court instructed the Commissioner to treat Plaintiff's complaint as "a protective filing of the administrative appeal referenced in the [agency's] July 12, 2006 notice [of denial] and to proceed to an expedited administrative review of that and any other pending appeal(s) filed by plaintiff, with plaintiff being afforded all appropriate rights of due process as set forth in the Commissioner's regulations." *Id.* at 13.

B. Allegations in 2009 Complaint

Within the complaint that is now before the court, Plaintiff has reasserted the allegations of her earlier complaint that she appealed the agency's decision to deny her request for waiver of

3

recoupment on four separate occasions. *See* Compl. ¶¶ 26, 30, 35, 39 [DE-5]. According to the 2009 complaint, on 13 July 2007, Plaintiff filed a fifth appeal wherein she contested the agency's decision to terminate Plaintiff's Medicare insurance and "appealed the SSA's refusal to produce documents implied by SSA's fail[ure] to respond to [Plaintiff's FOIA] request" for copies of all documents pertaining to Plaintiff's disability benefits request. Compl. ¶¶ 42, 87, 90 [DE-5]; Ex. H [DE-5.9]. Having received no correspondence from the SSA regarding Plaintiff's five appeals or her FOIA request, beginning on 10 August 2007, Plaintiff contacted the SSA on numerous occasions for an update on the status of her appeals but did not receive a response. *Id.* ¶ 55-56, 62, 89. Plaintiff alleges that various agency employees notified Plaintiff that the agency did not have a record of the written appeals or the April 2007 court order. *Id.* ¶¶ 58-59, 76.

On 6 November 2008 and 10 November 2008, pursuant to the Privacy Act, Plaintiff requested documents from the agency pertaining to her SSA file.[3] *Id.* ¶ 92; Ex. J [DE-5.11]. In a letter dated 18 November 2008, the SSA's Office of Public Inquiries, without identifying the date of Plaintiff's request, acknowledged Plaintiff's "inquiry requesting copies of documents in her [SSA] file." Ex. K [DE-5.12]. However, in a letter dated 20 November 2008, the same office notified Plaintiff that it had referred her "letter dated 10 November 2006 to [the Office of Disability Operations] to be associated with [her] previous inquiry dated November 6." Ex. K [DE-5.12]. In a letter dated 26 November 2008, the SSA's Office of the General Counsel advised that it had forwarded Plaintiff's 10 November 2008 request to the Office of Privacy and Disclosure "because that letter appear[ed] to request [Plaintiff's] complete claims file for Social Security benefits." Ex. C [DE-5.4].

---

[3] Plaintiff does not include the 10 November 2008 as an exhibit to the 2009 complaint.

4

On 5 December 2008, a Freedom of Information officer with the agency acknowledged Plaintiff's request for records and informed Plaintiff of the agency's intent to process the request "as soon as possible" and provided Plaintiff with a telephone number to call if she had not heard from the agency within 30 days. Ex. L [DE-5.13]. Plaintiff does not allege calling the agency pursuant to the December 2008 letter. In a letter dated 26 January 2009, and received by Plaintiff on 6 February 2009, a Freedom of Information officer again acknowledged Plaintiff's request for "access to all documents that are or should be in [Plaintiff's] SSA file" and advised Plaintiff of the requirement that she identify the "systems of records" that she is asking the SSA to search. Ex. N [DE-5.15]; Compl. ¶ 96 [DE-5]. In a letter dated 30 January 2009, Plaintiff reminded the SSA of its receipt on 16 July 2007 and again on 10 November 2008 of Plaintiff's request "for documents that pertain to [Plaintiff's] SSA disability record and hearing tapes" and requested again a copy of her SSA documents without identifying any systems of records. *See* Ex. M [DE-5.14]. On 7 March 2009, the agency notified Plaintiff that upon reviewing Plaintiff's disability insurance claim records, "[w]e decided that we must give them to someone you choose who will review and discuss the information with you." *See* Ex. O [DE-5.16]. Plaintiff has not alleged whether she responded to the agency's March 2009 letter, claiming only that she received no documents from the SSA or the Commissioner.

On 24 June 2009, Plaintiff filed the instant complaint, asserting five causes of action. Counts One, Two and Three allege that the agency deprived Plaintiff of disability benefits and Medicare insurance without due process of law in violation of the fifth amendment of the United States Constitution. Compl. ¶¶ 102, 108, 115, 118, 129 [DE-5]. These counts provide that the alleged constitutional violation occurred as a result of the agency's (1) failure to act on Plaintiff's numerous appeals, (2) failure to maintain an accurate record of Plaintiff's claims and (3) decision to recover

and withhold from Plaintiff disability benefits and Medicare insurance. *Id.* ¶¶ 104-05, 107, 116-17, 119, 126-28. Counts Four and Five allege violation of the FOIA and Privacy Act, respectively, as a result of the agency's failure to release the records requested by Plaintiff. *Id.* ¶¶ 136, 141. Count Six alleges intentional infliction of emotional distress ("IIED") as a result of the agency's failure to comply with the April 2007 court order. *Id.* ¶ 150.

## III. STANDARD OF REVIEW

In lieu of answering the complaint, the Commissioner has moved the court to remand this case to the agency pursuant to sentence six of 42 U.S.C. § 405(g) on the grounds that Plaintiff's claims relate to her request for social security benefits which is the subject of an ongoing SSA administrative appeals process. Def.'s Mot. at 1 [DE-11]. In particular, the Commissioner states that Plaintiff's causes of action relate to benefit claims previously remanded to the agency under sentence six pursuant to the April 2007 court order, which the Commissioner concedes the agency failed to follow. *Id.* Accordingly, the Commissioner contends that because "the agency has not taken appropriate action to properly implement the April 11, 2007 judgment issued by the District Court, good cause exists to support the [Commissioner's] request for remand." Def's Mot. at 2 [DE-11].

A case may be remanded from the District Court to the agency in one of two ways pursuant to section 405(g): (1) under the fourth sentence or (2) under the sixth sentence of the statute. *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991) (citing *Sullivan v. Finkelstein*, 496 U.S. 617, 623-29 (1990)). The fourth sentence of section 405(g) authorizes a court to make a substantive ruling with respect to the administrative decision by entering "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *Id.* at 98. On the other hand, remand under sentence six of section 405(g) is authorized when the

6

District Court does not affirm, modify, or reverse the Secretary's decision in any way as to the correctness of the administrative decision; rather, the court remands under sentence six because new evidence has been discovered that was not available to the claimant at the time of the administrative proceedings and that evidence, had it been available to the claimant, may have changed the outcome at the prior proceeding. *Id.*

In the present case, Plaintiff's complaint does not seek review of an administrative decision denying her benefits nor does Plaintiff allege the discovery of new evidence relating to her benefits claim. Rather, the crux of Plaintiff's complaint is the alleged denial of access to documents to which she contends she is entitled and damages caused as a result of her denied access or the failure to maintain these materials by the agency. The Commissioner's motion to remand is therefore misplaced and for that reason it is recommended that the Commissioner's motion be denied.

This finding, however, does not end the Court's review of Plaintiff's complaint. Indeed, this Court must review actions that come before it for subject matter jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *accord Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (explaining a "federal court has an independent obligation to assess its subject-matter jurisdiction, and it will 'raise a lack of subject-matter jurisdiction on its own motion'") (citation omitted); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) ("The court has a continuing obligation to assess its own subject-matter jurisdiction, even if the issue is neglected by the parties.").

Plaintiff asserts that this Court has subject matter jurisdiction over the dispute pursuant to the Privacy Act ("the Act"), 5 U.S.C. § 552a, the FOIA, 5 U.S.C. § 552, and the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680. Federal courts are courts of limited jurisdiction and it is presumed that a federal court lacks jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

7

(1994). The burden of demonstrating the existence of federal subject matter jurisdiction rests with Plaintiff. *See Evans v. B.F. Perkins*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). In determining whether it has subject matter jurisdiction over a dispute, the court considers the contents of pleadings and may consider the contents of exhibits incorporated into the pleadings. *Williams v. United States*, 50 F.3d 299 (4th Cir. 1995); *see* FED. R. CIV. P. 10(c).

## IV. ANALYSIS

A. Fifth Amendment Procedural Due Process Claims

Plaintiff asserts the SSA violated her Fifth Amendment right to procedural due process by failing to maintain accurate and complete records pertaining to her SSA file, and that the Commissioner's failure resulted in the determination to withhold and recover from Plaintiff monthly disability benefits and Medicare insurance. Compl. ¶¶ 104-05, 108, 115-18, 126-29 [DE-5]. Plaintiff's first three claims are entitled "Violation of the Fifth Amendment of the United States Constitution: Deprivation of Property Interest." Each of these causes of action addresses Plaintiff's alleged property interest in receiving SSA disability benefits and Medicare insurance, alleged Privacy Act violations by the SSA and as a consequence, the decision to terminate Plaintiff's disability benefits and Medicare insurance.[4] Compl. ¶¶ 104-05, 108, 115-18, 126-29 [DE-5]. Given

---

[4] As factual support only for each of these claims and not styled as a cause of action for which she seeks recovery, Plaintiff alleges a property interest in receiving both SSA disability benefits and Medicare insurance and that she has been deprived of this interest without due process of law. Comp. ¶¶ 108, 119, 129. To the extent Plaintiff is seeking review of the agency's denial of her request for waiver of recoupment, as stated in the April 2007 court order, the Court does not have subject matter jurisdiction to consider Plaintiff's claim as Plaintiff has failed to exhaust administrative remedies. *See Melvin*, No. 5:06-CV-306-FL at [DE-46].

8

the three causes of action are identical in substance, the Court considers the three claims for relief as one cause of action.

Because Plaintiff seeks damages for alleged constitutional violations, this Court construes Plaintiff's claim against the SSA purportedly arising under the Fifth Amendment as a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court created a federal cause of action for money damages, cognizable under 28 U.S.C. § 1331, against federal officials in their individual capacities for violations of the Fourth Amendment. *Bivens*, 403 U.S. at 397. *Bivens* was extended to deprivations of Fifth Amendment due process rights in *Davis v. Passman*, 442 U.S. 228, 230 (1979). *Bivens* claims, however, are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999).

Here, Plaintiff asserts Fifth Amendment due process claims against the SSA (a federal agency) only. However, Plaintiff's failure to assert claims against a federal official in his individual capacity is of no consequence since the Privacy Act precludes a Bivens action in this case in any event. Where a plaintiff's constitutional claims are encompassed within the remedial scheme of the Privacy Act, a plaintiff is barred from pursuing a constitutional remedy for such disclosure under *Bivens*. *See Williams v. Dep't of Veteran Affairs*, 879 F. Supp. 578, 581 (E.D. Va. 1995), *rev'd in part on other grounds*, 104 F.3d 670 (4th Cir. 1997). In *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court described two exceptions that will defeat a *Bivens* claim:

> The first is when defendants demonstrate special factors counselling (sic) hesitation in the absence of affirmative action by Congress. The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective.

9

*Id.* at 19 (internal quotation marks and citations omitted). As the *Williams* court noted, "Congress did not explicitly declare the Privacy Act to be a substitute for an action directly under the Constitution." *Id.* at 585. As the *Williams* court noted, "Congress did not explicitly declare the Privacy Act to be a substitute for an action directly under the Constitution." *Williams*, 879 F. Supp. at 585. Nonetheless, in cases involving *Bivens* claims for the allegedly wrongful disclosure or maintenance of government records, courts have viewed the Privacy Act's detailed provisions as a "special factor," and have thus held that the Privacy Act bars claims under *Bivens*. *See, e.g., Williams*, 879 F. Supp. at 585 (claim against the Veteran Affairs under *Bivens* for unauthorized release of veteran's medical records precluded by "comprehensive remedial structure of the Privacy Act"); *Patterson v. FBI*, 705 F. Supp. 1033, 1045 n.16 (D.N.J. 1989) (*Bivens* action for damages as a result of FBI's maintenance of records on plaintiff was "apt to be foreclosed" by the alternative, adequate remedy of the Privacy Act). Because Plaintiff's claims for constitutional violations are based on the same facts as her Privacy Act claim, Plaintiff may not bring an implied *Bivens* action for alleged constitutional violations stemming from her unanswered requests to review her social security records or allegations of improper maintenance of those records.

B. Privacy Act

The Privacy Act "regulate[s] the collection, maintenance, use and dissemination of information by [federal] agencies and provides a private cause of action against federal agencies for violating the Act's provisions." *Doe v. Chao*, 540 U.S. 614, 618 (2004) (citation omitted); 5 U.S.C. § 552a(g)(1) (explaining any individual may bring a civil action against the agency for violation of the Act). The proper defendant in a Privacy Act action is an agency and not individual employees. *Armstrong v. United States Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) (noting the term

agency "does not include individual officers or employees of an agency); *Wheeler v. Gilmore*, 998 F. Supp. 666, 668 (E.D. Va. 1998) (noting "an agency is the only proper defendant under the Act and, therefore, individuals may not be named as defendants in such actions"). The Privacy Act permits individuals to make a written request for records maintained by government agencies,[5] *see* 5 U.S.C. § 552a(d), and compels the government to maintain accurate information within the records. 5 U.S.C. § 552a(e)(5)[6]. If an agency fails to comply with the Privacy Act, the statute provides an individual civil remedies, places jurisdiction within the federal court, and authorizes the court to order injunctive relief, actual damages, or attorney's fees depending on the circumstances. 5 U.S.C. § 552a(g).[7]

i. *Access Provision*

Plaintiff has alleged a claim for violation of the access provision of the Privacy Act, 5 U.S.C. § 552a(d), in Count Five of the complaint and seeks remedies pursuant to 5 U.S.C. § 552a(g)(1)(B). Compl. ¶¶ 139, 141 [DE-5]. Section 552a(d) states in pertinent part:

---

[5] Recognizing a variety of important government interests in nondisclosure, however, the Act provides certain exemptions. *See* 5 U.S.C. §§ 552a(j) & (k). It is not evident from the complaint that these exemptions apply to Plaintiff's case.

[6] Section 552a(e)(5) requires that a federal agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

[7] "Subsection (g)(1) recognizes a civil action for agency misconduct fitting within any of four categories . . . , 5 U.S.C. §§ 552a(g)(1)(A)-(D) . . . , and then makes separate provision for the redress of each." *Doe*, 540 U.S. at 618. Category B, the first of two categories at issue here, provides a right of access against any agency refusing to allow an individual to inspect a record kept on her. 5 U.S.C. §§ 552a(g)(1)(B). Category C, the second category under which Plaintiff alleges misconduct by the SSA, describes an agency's failure to maintain an adequate record "with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the . . . benefits to the individual that made be made on the basis of such record" and as a consequence, a determination is made which is "adverse" to the individual. 5 U.S.C. § 552a(g)(1)(C).

11

> Each agency that maintains a system of records[8] shall (1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof in a form comprehensible to him . . . . [9]

"For actions alleging violation of access rights under the Privacy Act, administrative remedies must be exhausted prior to bringing suit." *Biondo*, 928 F. Supp. at 630. To prove an access violation, a plaintiff must show (1) a request for records was made; (2) the request was denied; and (3) such denial or failure to act was improper under the Privacy Act. *Id.* at 631 (citing 5 U.S.C. § 552a(d)(1), (g)(1)(B), (g)(3)(A)).[10]

------

[8] The SSA's regulations define a "system of records" as

> a group of records under [the SSA's] control from which information about an individual is retrieved by the name of the individual or by an identifying number, symbol, or other identifying particular. Single records or groups of records which are not retrieved by a personal identifier are not part of a system of records.

20 C.F.R. § 401.25.

[9] If an agency refuses to comply with an individual's request to gain access to records pertaining to her, the court may enjoin the agency from withholding the records and order the production of such improperly withheld records. 5 U.S.C. § 552a(g)(1)(B), (g)(3)(A). Additionally, a plaintiff who substantially prevails may be able to recover reasonable attorney's fees and litigation costs. 5 U.S.C. § 552a(g)(3)(B); *see also Biondo v. Dep't of the Navy*, 928 F. Supp. 626, 630 (D.S.C. 1995), *aff'd* 86 F.3d 1148 (4th Cir. 1996).

[10] With respect to the exhaustion requirement, the *Biondo* court explained:

> Other courts have held that a claim under the Privacy Act for refusal of access to records "require(s), as a prerequisite to bring a suit, that a plaintiff seek review from the agency for a denial of access. . . . Only after exhaustion of these administrative remedies may a court grant equitable relief.

*Biondo*, 928 F. Supp. at 630 (emphasis added) (citations omitted). Neither agreeing nor disagreeing with these "other" courts, the *Biondo* court concludes "[a]t any rate, the original remedy required by statute must be exhausted. If the procedure set forth in the Act has not been followed, then no violation for refusal of access could possibly be shown." *Id.* at 631.

The Act further authorizes government agencies to promulgate rules regulating the process by which individuals may request records. *See* 5 U.S.C. § 552a(f)(3). Accordingly, the SSA has implemented procedures regarding access to any record about an individual contained in an SSA system of records. *See* 20 C.F.R. § 401.40. For example, the agency's regulations require that the individual "specify which systems of records . . . to [be] searched and the records to which [the individual] wish[es] to have access." 20 C.F.R. § 401.40; *accord* 45 C.F.R. § 5b.5(a)(2) (explaining "[a]t the time the request is made, the individual shall specify which systems of records he wishes to have searched and the records to which he wishes to have access"). The regulations provide further that the agency "do[es] not honor requests for all records, all information, or similar blanket requests." 20 C.F.R. § 401.40. Also, when an individual requests medical information about herself, she "must [] name a representative in writing." 20 C.F.R. § 401.55; *see also* 20 C.F.R. § 401.35 (explaining the Privacy Act gives an individual the right to direct access to most records about the individual contained with the SSA's system of records but exceptions apply). Plaintiff is required to follow agency instructions pertaining to her request as part of her obligation to exhaust her administrative remedies prior to proceeding to district court. *See Besecker v. Soc. Sec. Admin.*, No. 91 C 4818, 1992 U.S. Dist. LEXIS 1774, at *4, 1992 WL 32243, at *2 (N.D. Ill. Feb. 18, 1992) ("The exhaustion of remedy rule is not satisfied by leapfrogging over any substantive step in the administrative process.") (quoting *Tuchinsky v. Selective Serv. Sys.*, 418 F.2d 155, 158 (7th Cir. 1969)).

In this case, according to the complaint, Plaintiff submitted Privacy Act requests dated 6 November 2008 and 10 November 2008 for "copies of all documents that are and should be in the SSA file including computerized documents and medical records of the doctors that SSA paid in 2006 to evaluate [Plaintiff's] disabilities." Ex. J [DE-5.11]. The Court notes that Plaintiff's requests

13

are arguably "blanket requests" for "all records." *See Searcy v. Soc. Sec. Admin.*, No. 91-4181, 956 F.2d 278 (table),1992 U.S. App. LEXIS 3805, at *13, 1992 WL 43490, at *5 (10th Cir. Mar. 2, 1992) (explaining "[r]equests under the Privacy Act must specify a system of records; requests for all records held by the SSA under an individual's name or social security number are too broad"). However, the Court need not concern itself with specifics of these requests because Plaintiff failed to follow the agency's written instructions. First, on 26 January 2009, following numerous letters from the agency acknowledging Plaintiff's requests (as discussed in the Statement of Facts), the agency advised Plaintiff of the requirement that she identify the "systems of records" to be searched and that she could contact her local Social Security office to resubmit her inquiry. Ex. N [DE-5.15]. On 7 March 2009, the agency's Office of Central Operations informed Plaintiff, upon reviewing the medical records associated with her disability insurance claim, that it "must give them to someone you choose who will review and discuss the information with you." Ex. O [DE-5.16].

Plaintiff has failed to allege whether she followed the instructions provided in the agency's 26 January 2009 and 7 March 2009 letters. It appears therefore from the face of the complaint that Plaintiff has failed to exhaust her administrative remedies prior to filing suit in federal court. *See Besecker*, 1992 U.S. Dist. LEXIS 1774, at *4, 1992 WL 32243, at *2 (finding court lacked federal jurisdiction in part because plaintiff failed to exhaust his administrative remedies when he refused to designate a representative to receive and review his medical records as required pursuant to 45 C.F.R. § 5b.6(b)(2)); *see also Searcy*, 1992 U.S. App. LEXIS 3805, at *13, 1992 WL 43490, at *5 (noting that when requesting SSA material pursuant to the Privacy Act or FOIA, the individual "must first comply with the SSA regulations and procedures under the Privacy Act"). Plaintiff's failure to exhaust administrative remedies deprives this Court of jurisdiction to consider this Privacy Act claim. *See* 20 C.F.R. §§ 401.40, 401.55.

14

ii.    *Maintenance Provision*

Plaintiff sets forth claims for violation of the maintenance provision of the Privacy Act, 5 U.S.C. § 552a(e)(5)[11], in Counts One, Two and Three of the complaint. In particular, Plaintiff alleges that the SSA failed to maintain the records it used in making its determination of Plaintiff's disability benefits and medicare insurance claims with such "accuracy, relevance, timeliness, and completeness as is necessary to assure fairness" to her in its disability benefits determination, and consequently a determination was made adverse to her. Compl. ¶¶ 106, 117, 127 [DE-5]; *see* 5 U.S.C. § 552a(g)(1)(C). In order to maintain a cause of action for violation of the maintenance provision of the Privacy Act, plaintiff must allege: (1) the agency's failure to maintain accurate records; (2) an adverse agency decision resulting from the inaccurate records (the causation element); and (3) the willful or intentional quality of the agency's action. *Id.* (citing *White v. Office of Pers. Mgmt.*, 840 F.2d 85, 87 (D.C. Cir. 1988)); *see also* 5 U.S.C. § 552a(g)(1)(C), (g)(4). The "standard for intentional or willful behavior under the Privacy Act has been articulated as an act committed without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." *Scrimgeour v. Internal Revenue*, 149 F.3d 318, 326 (4th Cir. 1998) (quotation omitted). A plaintiff successful in advancing a claim under section 552a(g)(1)(C) is entitled to an award for actual damages and also reasonable attorneys fees. 5 U.S.C. § 552a(g)(4)(A-B).

Unlike asserting a cause of action under the access provision of the Privacy Act, Plaintiff is not required to exhaust administrative remedies prior to filing suit in district court asserting a cause of action for improper maintenance of records under the Privacy Act. *See Hass v. United States Air*

---

[11] Section 552a(3)(5) states than an agency must "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination . . . ."

*Force*, 848 F. Supp. 926, 931 (D. Kan. 1994). At this juncture of the litigation, there appears to be no basis on which this claim may be disposed of *sua sponte* by the Court. Therefore, this claim survives review of the court at this time and, for the reasons stated below, it is recommended that Defendant SSA be permitted to answer or otherwise respond to this cause of action.

## C. Freedom of Information Act

The Freedom of Information Act requires that federal agencies publish the procedures regulating the disclosure of government information requested by the public. *See* 5 U.S.C. § 552(a)(1). The SSA's FOIA procedures are found in 20 C.F.R. §§ 402.5-402.205. Pursuant to the FOIA, a district court may order the production of agency records which have been improperly withheld. *Jones v. Shalala*, 887 F. Supp. 210, 214 (S.D. Iowa 1995); *see* 5 U.S.C. § 552(a)(4)(B); 20 C.F.R. § 402.205. However, exhaustion of administrative remedies is a jurisdictional prerequisite to pursuing a FOIA cause of action against an agency in federal court. *Id.*; *see* 5 U.S.C. § 552(a)(6)(A)(i),(ii); *see also* 5 § U.S.C. 552(f)(1) (defining agency as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency"); *Santos v. DEA*, 357 F. Supp. 2d 33, 36 (D.D.C. 2004) (explaining "[a] plaintiff may not assert a FOIA claim against individual federal officials").

In order to exhaust FOIA administrative remedies, the plaintiff must first request that the agency release the requested record. 5 U.S.C. § 552(a)(3)(A)[12]; 20 C.F.R. § 402.130 (explaining an individual may request SSA records in person, by mail or by electronic telecommunications). If the

---

[12] Section 552(a)(3)(A) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . and procedures to be followed, shall make the records promptly available to any person."

agency refuses, plaintiff must seek agency review of the refusal. 5 U.S.C. § 552(a)(6)(A)(ii). FOIA provides, however, that exhaustion may be excused if an agency fails to comply with the information request within the statute's time limitations. 5 U.S.C. § 552(a)(6)(C) ("Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph"); 20 C.F.R. § 402.205 (explaining an individual may ask a district court to treat the SSA's failure to act on an a request for a record as a denial of that request by the Commissioner); *see also Geschke v. SSA*, No. C06-1256C, 2007 U.S. Dist. LEXIS 28351, at *37, 2007 WL 1140281, at *12 (W.D. Wash. Apr. 17, 2007) (explaining "only those FOIA denials that were timely appealed administratively or that may be deemed final due to inaction may be heard" in federal court). The SSA's time limit for responding to a record request is generally twenty (20) working days. 20 C.F.R § 402.140 (explaining in certain situations, the 20-day period may be extended by up to 10 additional working days); 5 U.S.C. § 552(a)(6)(A)(i).

Here, Plaintiff alleges that the SSA failed to comply with the statutory response time and in fact, never responded to Plaintiff's FOIA requests. Compl. ¶ 136 [DE-5]. Plaintiff's complaint enumerates written requests for all documents within the SSA's control regarding Plaintiff's SSA disability benefits file made to the Raleigh, North Carolina SSA office on 13 July 2007 and to the SSA's Office of Public Disclosure on 19 February 2009. *See id.* ¶¶ 87, 90, 95; Ex. H [DE-5.9]). The July 2007 letter is expressly identified as a FOIA request and the February 2009 request states explicitly that it is to be construed as an appeal of the SSA's "failure or refusal to produce documents" requested pursuant to the July 2007 letter. *See* Ex. H [DE-5.9]; Ex. I [DE-5.10]. Plaintiff alleges further that on 17 August 2009, she met with Robert Flournoy ("Flournoy"), the district manager of the Raleigh SSA and the person to whom she mailed her July 2007 FOIA

request. According to Plaintiff, Flournoy informed Plaintiff that all document requests pursuant to FOIA must be sent to the Freedom of Information Office in Baltimore and that his office forwards any FOIA requests directly to the Freedom of Information Office.[13] Compl. ¶ 61 [DE-5]. Plaintiff does not allege that Flournoy acknowledged receiving her July 2007 FOIA request, but states only that Flournoy agreed to confirm that he had forwarded the request to the Freedom of Information Office in Baltimore. *Id.* ¶¶ 60-61. Plaintiff states that she has not received a response from the agency to either FOIA request and that as a result, she has constructively exhausted her administrative remedies. *Id.* ¶ 89-91.

The documents identified by Plaintiff as "FOIA requests" all relate to Plaintiff's social security disability insurance benefits file. In particular, the documents requested by Plaintiff are arguably found in a system of records as the documents relating to Plaintiff's SSA file would be retrieved by a personal identifier, such as Plaintiff's name or her social security number. *See* 20 C.F.R. § 401.25. Indeed, the documents listed by Plaintiff in the July 13 FOIA request are for "all documents in [*Plaintiff's*] SSA file from October 1994" to present day, including transcripts of all Plaintiff's hearings held by an ALJ, *see* Ex. H [DE-5.9] – a request identical in substance to her November 2008 Privacy Request for "copies of all documents that are and should be in [*Plaintiff's*] SSA file, including computerized documents and medical records of the doctors that SSA paid in 2006 to evaluate [Plaintiff's] disabilities." Ex. J [DE-5.11]. The agency's FOIA regulations provide specifically that to the extent an individual requests her own records in a system of records, the

---

[13] The agency's regulations provide that an individual may request SSA records in person, by mail or by electronic telecommunications and provides further that "[t]he staff at any Social Security office can help you prepare [a FOIA] request." 20 C.F.R. § 402.130. The regulations provide further that written FOIA requests must be sent to the following address: The Deputy Executive Director for the Office of Public Disclosure, Office of the General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, Maryland 21235. 20 C.F.R. § 402.135.

18

agency "will handle [the] request under the Privacy Act." 20 C.F.R. § 402.15(b). Accordingly, the

Court finds that Plaintiff's FOIA claims are subsumed by her Privacy Act claims. *Id.*

## D. Federal Tort Claims Act

In Plaintiff's final cause of action, entitled "Intentional Infliction of Emotional Distress

Caused by the Intentional Violation of and Total Disregard for [the April 2007 court order],"

Plaintiff alleges that the SSA's Commissioner and employees intentionally and willfully acted in

concert and conspired to deny Plaintiff administrative reviews of her appeals and to deprive Plaintiff

of SSA benefits without due process of law and a result, Plaintiff suffered from emotional distress.[14]

Compl. ¶¶ 150, 152-54 [DE-5].

Tort claims against the United States are generally barred by sovereign immunity. *Kerns*

*v. United States*, 585 F.3d 187, 194 (4th Cir. 2009) ("Absent a statutory waiver, sovereign immunity

shields the United States from a civil tort suit."). The FTCA, however, provides for a limited

waiver of sovereign immunity where there is injury caused by the negligent or wrongful act or

omission of any employee of the government while acting within the scope of his office or

employment. 28 U.S.C. § 1346(b). Although the United States has consented to be sued for torts

---

[14] Plaintiff has attached to the complaint a letter dated 23 July 2006, from the SSA's Office of the General Counsel in which the agency acknowledges Plaintiff's claim for damages filed under the FTCA wherein Plaintiff alleged that "the SSA refused to respond to various appeals of [SSA] determinations relating to entitlement to Social Security disability insurance benefits and to overpayments." Ex. C [DE-5.4]. The SSA denied Plaintiff's claim, contending it was precluded by section 405(g) as Claimant sought to recover on a claim arising under the Social Security Act. *Id.* However, the SSA informed Plaintiff of her right to appeal by filing suit in the appropriate United States District Court within six months of the date of its letter. *Id.* Plaintiff does not allege that she appealed the July 2006 decision and Plaintiff's 2006 complaint does not include a claim pursuant to the FTCA. *See Melvin v. Barnhart*, No. 5:06-CV-306-FL (Complaint) [DE-3].

under the FTCA subject to certain exceptions,[15] section 2675(a) mandates as a prerequisite to filing

suit that the tort claim first be presented to the appropriate federal agency. The Supreme Court has

held that a *pro se* petitioner is bound by the FTCA's exhaustion requirement, stating, "we have never

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse

mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

If the administrative claim is made within the two-year limitations period contained in section

2401(b), plaintiff can bring suit to recover for the same injuries only if the agency issues a final

determination in writing, or if it fails to make a final disposition within six months after the claim

is filed. *See* 28 U.S.C. § 2675(a). Satisfaction of the administrative exhaustion requirement is

jurisdictional and cannot be waived. *Southern v. United States*, 503 F. Supp. 2d 829, 834 (W.D.

Tex. 2007); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006); *Lurch v.

United States*, 719 F.2d 333, 335 n.3 (10th Cir. 1983).

While the FTCA may effect a waiver of sovereign immunity, such waiver is not unqualified

and is subject to various limitations. One such limitation is 42 U.S.C. § 405(h), which states in part:

"No action against the United States, the Secretary, or any officer or employee thereof shall be

brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter

[i.e., Federal Old-Age, Survivors and Disability Insurance Benefits]." That is, section 405(h) "bars

---

[15] "The FTCA waives the United States' sovereign immunity to suit in certain circumstances, but 28 U.S.C. § 2680(h), which covers exceptions to the FTCA, states that the act shall not apply to 'any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference in contract rights . . . .'" *French v. United States*, 55 F. Supp. 2d 379, 381 (W.D.N.C. 1999) (quoting *Talbert v. United States*, 932 F.2d 1064 (4th Cir. 1991)). A claim for emotional distress may remain viable under the FTCA provided the claim does not arise out of one of the above exceptions. *Id.* (citing *Harms v. United States*, No. 91-2627, 1992 U.S. App. LEXIS 20374, 1992 WL 203942 (4th Cir. Aug. 24, 1992)). The Court finds Plaintiff's emotional distress claim does not arise out the torts listed in 28 U.S.C. § 2680(h).

general federal question claims (28 U.S.C. § 1331), federal constitutional and statutory claims against the United States (28 U.S.C. § 1346(a)(2)), and claims under the [FTCA] (28 U.S.C. § 1346(b)) when such claims arise under . . . Title II of the Social Security Act." *Geschke*, 2007 U.S. Dist. LEXIS 28351, at *15, 2007 WL 1140281, at *5. The phrase "claim arising under" is construed broadly and "include[s] any claims in which 'both the standing and the substantive basis for the presentation' of the claims is the Social Security Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975)).

Plaintiff has alleged that the SSA has denied review of her appeals and deprived her of benefits without due process resulting in her emotional distress. Compl. ¶ 150 [DE-5]. The SSA's alleged failure to respond to Plaintiff's administrative appeals is necessarily intertwined with Plaintiff's claim for benefits and is not distinct from any claim under the Social Security Act. *See Geschke*, 2007 U.S. Dist. LEXIS 28351, at *15, 2007 WL 1140281, at *6 (noting Plaintiff's claims fell within the scope of section 405(h) given Plaintiff sought "declaratory and injunctive relief, as well as monetary relief amounting to hundreds of thousands of dollars, relative to her own eligibility for current, past, and future disability benefits, potential disability overpayments made to her and the amount of such overpayments, [and] whether recoupment by the SSA of any overpayments is or will be permissible . . . ."). As discussed above, section 405(h) specifically deprives the Court of subject matter jurisdiction over claims arising under 28 U.S.C. § 1346 when they also arise under Title II of the Social Security Act. Accordingly, Plaintiff's tort claim is foreclosed by the clear language of 42 U.S.C. § 405(h).

E.    Plaintiff's Remaining Motions Relating to Default

Plaintiff has filed a motion for entry of default [DE-33], a motion for default judgment or alternatively judgment on the pleadings [DE-38] and a motion to expedite review of Plaintiff's

21

motion for default judgment. [DE-39]. Plaintiff has moved for entry of default against defendants United States of America and the Social Security Administration with respect to her fourth, fifth and sixth claims for relief. In support of her motion, Plaintiff states that each defendant has been served with the summons and complaint but each defendant has failed to answer or otherwise defend the case. Aff. of Failure to Plead or Otherwise Defend in Supp. of App. For Entry of Default [DE-34] ¶¶ 3-6, 8. The Commissioner has responded that its pending motion to remand precludes entry of default. Resp. to Pl.'s Mot. [DE-36] at 2. Specifically, the Commissioner contends that because 42 U.S.C. § 405(g) requires that Commissioner move for remand before filing an answer, it is therefore premature to answer the complaint. *Id.* In her reply brief, Plaintiff contends her asserted causes of action arise under the Privacy Act, FOIA and the FTCA, and that the Commissioner is not a proper defendant to respond to her claims of redress; rather, the proper defendants are the United States and the SSA, both of which have failed to answer the complaint or otherwise defend this case and should therefore be defaulted. Pl.'s Mem. in Opp. to Mr. Astrue's Opp. Resp. to Mot. to Strike Mot. for Entry of Default. [DE-41] at 1-3.

Plaintiff has moved for default judgment on the same grounds with respect to her first (Fifth Amendment), fourth (FOIA), fifth (Privacy Act) and sixth (intentional infliction of emotional distress) causes of action. Pl.'s Mot. for Default J., in the alternative, J. on the Pldgs. [DE-38][16] at 1-2. Finally, Plaintiff has filed a motion to expedite ruling on her motion for default judgment. [DE-39]. The arguments contained in Plaintiff's motion to expedite are a reassertion of those contained in her motion for default and motion for default judgment. *Id.* at 2. The Commissioner has not responded to Plaintiff's motions for default judgment and to expedite ruling..

---

[16] A docketing error caused the docketing numbers assigned to the motions to be out of sequence. [DE-40].

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default when a party "has failed to plead or otherwise defend" an action. FED. R. CIV. P. 55(a). As a prerequisite to entry of default, the party against whom default is entered must have been properly served with process and the court must have subject matter jurisdiction over the dispute. *See Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) (explaining "[d]efault cannot be entered where there was insufficient service of process"). Where a motion for entry of default is challenged by a party who has entered an appearance, the court may apply the criteria considered by the court when ruling on a motion to set aside a default judgment. *Nichols Family Invs., LLC v. Hackenberg*, No. 5:05-CV-249, 2007 U.S. Dist. LEXIS 25565, at *4, 2007 WL 1041201, at *1 (W.D.N.C. Apr. 5, 2007) (citing *Schmir v. Prudential Ins. Co. of Amer.*, 220 F.R.D. 4, 5 (D. Me. 2004)). These factors are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion. *Schmir*, 220 F.R.D. at 5; *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (In determining whether there is "good cause" to set aside an entry of default, the court should consider several factors including: (1) the promptness of action of the party in seeking to set aside the entry of default; (2) whether the defaulting party presents meritorious defenses; (3) whether the party will be substantially prejudiced if the default is not set aside; (4) the personal responsibility of the party; (5) the willfulness of the default; and (6) the availability of less drastic sanctions.); *see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). This court is also guided by the Fourth Circuit's "strong policy that cases be decided on their merits." *Nichols Family Invs., LLC*, 2007 U.S. Dist. LEXIS 25565, at *5, 2007 WL 1041201, at *1 (quoting

*Sec. and Exch. Comm'n v. Lawbaugh*, 359 F. Supp.2d 418, 421-22 (D.Md. 2005) (subsequent citations omitted)).

The Clerk of Court has not yet entered default against the defendants United States and SSA with respect to Plaintiff's claims. Upon careful review of the pleadings in this case, this Court concludes that an entry of default is not warranted. First, this Court has ruled that it lacks subject matter jurisdiction over most of the claims on which Plaintiff seeks entry of default. Second, the United States is not a proper party to Plaintiff's claims on which she seeks entry of default. *See Mumme v. U.S. Dep.'t of Labor*, 150 F. Supp. 2d 162, 169 (D. Me. 2001) (explaining "a [plaintiff] bringing a Privacy Act claim must bring suit against a particular agency, not the entire United States"). Moreover, this Court finds that the failure on the part of the SSA to file an answer or otherwise respond to Plaintiff's complaint is the result of its reliance on its theory of this case, rather than a willfulness in refusing to defend this litigation. The Commissioner filed a motion to remand the case based on its position that Plaintiff's complaint relates to her disability benefits claims process before the SSA. Although this Court has reached a conclusion contrary to the Commissioner's - a recommendation that may in fact be reversed upon review by the District Court - the grounds for the motion to remand are not frivolous; rather, there is much factual congruity between Plaintiff's complaint and her ongoing administrative benefits review. Moreover, the Commissioner's motion to remand was filed promptly after service of Plaintiff's complaint upon the SSA.

Based on the reasons set forth above, it is the recommendation of this Court that Plaintiff's Motion for Entry of Default be DENIED. It is recommended further that Plaintiff's Motion for Default Judgment, or in the alternative Motion for Judgment on the Pleadings, and Motion for Expedited Review of Motion for Default Judgment be DENIED AS MOOT. It is recommended

further that Defendant Social Security Administration be allowed twenty (20) days from the date of the entry of an order on this Memorandum and Recommendation by the District Court to answer or otherwise respond to Plaintiff's complaint.

## V. CONCLUSION

For the reasons stated above, this Court recommends that Defendant's Motion to Remand be DENIED, Plaintiff's Motion to Deny Motion to Remand be ALLOWED IN PART and DENIED IN PART. It is recommended further that Plaintiff's causes of action under the Freedom of Information Act, Federal Tort Claims Act and under the access provision of the Privacy Act be DISMISSED for lack of subject matter jurisdiction. This Court recommends further that Plaintiff's Motion for Entry of Default be DENIED, and Plaintiff's Motion for Default Judgment, or in the alternative Motion for Judgment on the Pleadings, and Motion for Expedited Review of Motion for Default Judgment be DENIED AS MOOT.

It is recommended further that Defendant Social Security Administration be allowed twenty (20) days from the date of the entry of an order on this Memorandum and Recommendation by the District Court to answer or otherwise respond to Plaintiff's cause of action arising under the maintenance provision of the Privacy Act.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 24th day of March, 2010.

_____

Robert B. Jones, Jr.
United States Magistrate Judge