IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-235-FL

| | | |
|---|---|---|
| PAMELA MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| and the UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on ten pending motions filed by plaintiff and one pending motion filed by defendant Social Security Administration ("SSA"). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") addressing eight of plaintiff's motions as well as defendant's lone motion, all of which are now ripe for ruling following plaintiff's timely objections to the M&R and defendants' response. Plaintiff's other two motions were filed subsequent to entry of the M&R and do not have benefit of the magistrate judge's analysis or defendants' response. These motions are nevertheless addressed herein as they require no further briefing prior to a just adjudication of this matter.[1]

## BACKGROUND

On June 24, 2009, plaintiff initiated this action against defendants SSA and the United States, seeking monetary and injunctive relief and invoking the Privacy Act, 5 U.S.C. § 552a, the Freedom

---

[1] Two additional filings purporting to be motions (DE ## 50, 51) are construed by the court as objections to the M&R. To the extent these motions seek relief in relation to the objections, they are DENIED.

of Information Act ("FOIA"), 5 U.S.C. § 522, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and the Fifth Amendment to the United States Constitution. Plaintiff alleges deficiencies in the SSA's treatment of her administrative appeal, specifically asserting that the SSA (1) failed to comply with this court's order in Melvin v. Barnhart, No. 5:06-CV-306-FL (E.D.N.C. Apr. 11, 2007), directing it to grant plaintiff an expedited review of her administrative appeal, (2) failed to respond to her document requests pursuant to FOIA and the Privacy Act, and (3) failed to maintain plaintiff's administrative disability benefits record.

On September 4, 2009, Michael J. Astrue, Commissioner of the SSA, moved to remand the action pursuant to sentence six of 42 U.S.C. § 405(g). The Commissioner admitted that the SSA had not taken the appropriate action to properly implement the court's order and judgment entered in plaintiff's earlier case, and requested a remand to allow plaintiff to pursue the administrative appeal. In response, plaintiff moved on September 23, 2009, for an order compelling defendants SSA and the United States of America to answer the complaint, asserting that the Commissioner was not named in the complaint. Plaintiff also asked the court to stay resolution of the motion to remand. On November 10, 2009, plaintiff moved the court to strike and/or deny defendant's motion, to set her own motions to compel and for a stay, and to grant entry of default.

On November 19, 2009, the Commissioner filed response to plaintiff's motions. Plaintiff, in turn, filed a reply captioned as a "memorandum in opposition to Commissioner's response" on November 25, 2009. Plaintiff then proceeded to move for default judgment on February 3, 2010, and asked for expedited review of the default judgment motion on February 17, 2010. Each of the then-pending motions was referred to the magistrate judge.

On March 24, 2010, the magistrate judge entered his M&R. The magistrate judge first recommends allowing plaintiff to withdraw and set aside certain pending motions, denying the underlying motions as moot. He further recommends denying the Commissioner's motion to remand and allowing in part and denying in part plaintiff's motion to strike and/or deny the motion to remand. Upon *sua sponte* review for subject matter jurisdiction, the magistrate judge recommends that plaintiff's Fifth Amendment, FOIA, and FTCA claims be dismissed, and that plaintiff's claims under the Privacy Act be dismissed in part. Finally, the magistrate judge recommends denying plaintiff's motion for entry of default and denying as moot the motions for default judgment and for expedited review of the motion for default judgment.

On April 7, 2010, in accordance with Rule 72(b)(2), plaintiff filed her objections to the M&R. In those objections, plaintiff relies heavily on the fact that no answer has been filed by defendants and accuses the magistrate judge of acting as legal counsel for defendants in dismissing her claims for lack of subject matter jurisdiction. In response, on April 21, 2010, defendants assert that the magistrate judge's analysis is correct. Defendants also maintain that the motion to remand filed by the Commissioner of the SSA was considered the proper procedure for responding to plaintiff's initial claim and that defendants have therefore defended the action as contemplated in Rule 55. On April 21, 2010, plaintiff filed reply to defendants' response in a document captioned as a motion for judgment on the pleadings. She also filed a motion for the magistrate judge to "unalter the alterations that he has made to . . . plaintiff's complaint," which the court construes as a further objection to the magistrate judge's recommended disposition of the pending motions.

Finally, also on April 30, 2010, plaintiff filed two additional motions, seeking (1) leave to amend her complaint and (2) an emergency protective order requiring various individuals employed

3

On March 24, 2010, the magistrate judge entered his M&R. The magistrate judge first recommends allowing plaintiff to withdraw and set aside certain pending motions, denying the underlying motions as moot. He further recommends denying the Commissioner's motion to remand and allowing in part and denying in part plaintiff's motion to strike and/or deny the motion to remand. Upon *sua sponte* review for subject matter jurisdiction, the magistrate judge recommends that plaintiff's Fifth Amendment, FOIA, and FTCA claims be dismissed, and that plaintiff's claims under the Privacy Act be dismissed in part. Finally, the magistrate judge recommends denying plaintiff's motion for entry of default and denying as moot the motions for default judgment and for expedited review of the motion for default judgment.

On April 7, 2010, in accordance with Rule 72(b)(2), plaintiff filed her objections to the M&R. In those objections, plaintiff relies heavily on the fact that no answer has been filed by defendants and accuses the magistrate judge of acting as legal counsel for defendants in dismissing her claims for lack of subject matter jurisdiction. In response, on April 21, 2010, defendants assert that the magistrate judge's analysis is correct. Defendants also maintain that the motion to remand filed by the Commissioner of the SSA was considered the proper procedure for responding to plaintiff's initial claim and that defendants have therefore defended the action as contemplated in Rule 55. On April 21, 2010, plaintiff filed reply to defendants' response in a document captioned as a motion for judgment on the pleadings. She also filed a motion for the magistrate judge to "unalter the alterations that he has made to . . . plaintiff's complaint," which the court construes as a further objection to the magistrate judge's recommended disposition of the pending motions.

Finally, also on April 30, 2010, plaintiff filed two additional motions, seeking (1) leave to amend her complaint and (2) an emergency protective order requiring various individuals employed

3

Case 5:09-cv-00235-FL   Document 52   Filed 05/13/10   Page 3 of 17

by the SSA, Department of Veterans Affairs, and other agencies of the United States government to cease harassing, threatening, and intimidating plaintiff. These motions do not enjoy benefit of the magistrate judge's analysis.

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir.2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Plaintiff's Motions to Withdraw and to Set Aside Certain Motions

Plaintiff has moved for leave to amend the complaint, for an order compelling defendants to answer the complaint, and for an order staying decision on plaintiff's motion to remand. Plaintiff subsequently moved to withdraw the first motion and to set aside the latter two motions. The magistrate judge recommended denying as moot the first three motions in light of the second two motions, and plaintiff makes no objection to this disposition. Accordingly, the motion to withdraw (DE # 25) and motion to set aside (DE # 31) are ALLOWED, and the motions to amend (DE # 16), to compel (DE # 19), and to stay (DE # 21) are DENIED AS MOOT.

C.   Commissioner's Motion to Remand

The Commissioner of the SSA has asked the court to remand this case to the agency pursuant to section six of 42 U.S.C. § 405(g). The magistrate judge recommends denying the Commissioner's motion because the complaint does not seek review of an administrative decision denying plaintiff benefits nor does plaintiff allege discovery of new evidence relating to that claim. See Melkonyan v. Sullivan, 501 U.S. 89, 97-98 (1991) (noting that under sentence six, "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding"). Instead, the magistrate judge construed the crux of plaintiff's complaint as denial of access to her social security records and failure of the SSA to properly maintain these materials.

No party objects to the magistrate judge's disposition of the motion to remand, which appears to the court to be a correct application of controlling law to the facts of this case. Moreover, defendant SSA purports to have corrected its earlier failure to comply with the court's order in Melvin v. Barnhart by remanding plaintiff's case to an Administrative Law Judge on its own initiative, achieving the same outcome as an order by this court remanding for further proceedings under sentence six. Accordingly, the motion to remand (DE # 11) is DENIED.

D.   Subject Matter Jurisdiction

The magistrate judge *sua sponte* considered whether the court has subject matter jurisdiction over each of the claim's set forth in the complaint. Plaintiff alleges that the magistrate judge improperly acted as legal counsel for defendants by raising the issue of subject matter jurisdiction on his own initiative. This argument is without merit where "[a] federal court has an independent obligation to assess its subject-matter jurisdiction, and . . . will raise a lack of subject-matter

5

jurisdiction on its own motion." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (internal quotation marks omitted); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). Plaintiff also argues that the magistrate "converted and twisted" her complaint in his analysis of subject matter jurisdiction. Accordingly, this court will proceed independently to review the complaint to determine whether subject matter jurisdiction is present as to those claims for which specific objections have been filed.

1.  Fifth Amendment Procedural Due Process Claims

Plaintiff's first three claims for relief invoke the Fifth Amendment to the United States Constitution. The claims are identical except for the fact that the latter two are premised on divergent scenarios in which the SSA has made a decision on one of the appeals without plaintiff's knowledge or has terminated her rights to disability benefits. The magistrate judge construed these Fifth Amendment claims as alleging that the SSA violated her right to procedural due process by failing to maintain accurate and complete records, resulting in withholding and recovering disability benefits and Medicaid insurance from plaintiff. The magistrate judge recommended dismissing these claims, which seek monetary damages for an alleged violation of plaintiff's constitutional rights, because they are not cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureua of Narcotics, 403 U.S. 388 (1971). A Bivens action can be brought only against federal agents, not against federal agencies such as the SSA. See FDIC v. Meyer, 510 U.S. 471, 483-86 (1994). Moreover, the magistrate judge held that the Privacy Act provides a comprehensive remedial mechanism for such alleged constitutional violations, barring relief under Bivens. See Williams v. Dep't of Veteran Affairs, 879 F. Supp. 578, 586-87 (E.D. Va. 1995).

6

Although plaintiff requests that none of her six claims for relief be dismissed, she does not specifically object to the magistrate judge's treatment of her Fifth Amendment claims. Moreover, having independently reviewed these first three claims for relief in the complaint, the court does not find the magistrate judge to have misconstrued the nature of these causes of action. An independent review of the magistrate judge's reasoning shows it to be a correct application of controlling law to the facts of this case. Accordingly, plaintiff's first through third causes of action are DISMISSED.

2.	FOIA and Privacy Act Claims

Plaintiff's fourth and fifth causes of action arise under FOIA, 5 U.S.C. § 552, and the Privacy Act, id. § 522a, respectively. It appears that the former relates to the alleged failure of the SSA to respond to FOIA requests for plaintiff's disability records on July 13, 2007, and February 19, 2009, while the latter relates to the alleged failure of the SSA to respond to a Privacy Act request for substantially the same records on November 6, 2008. Plaintiff alleges that she later followed up on these requests when the documents were not provided to her.

Addressing the Privacy Act claim first, the magistrate judge found that plaintiff was seeking to enforce both the access and maintenance provisions of that statute.[2] The magistrate judge found that plaintiff's suit pursuant to the access provision of the act was barred for failure to exhaust administrative remedies where plaintiff failed to follow the written instructions provided to her by the SSA for receiving her records. Specifically, the SSA directed her to name a representative to receive her medical records to review with her, pursuant to 20 C.F.R. § 401.55, and plaintiff did not

---

[2] The "access" provision requires an agency to permit, upon request, "any individual to gain access to his record or to any information pertaining to him which is contained in the system . . . ." 5 U.S.C. § 552a(d)(1). The "maintenance" provision requires an agency to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 522a(e)(5).

comply. The magistrate judge found no barrier to that part of the plaintiff's suit alleging violation of the maintenance provision, and would allow that portion of the action to proceed. As to the FOIA claim, the magistrate judge found that because plaintiff's FOIA request was substantially similar to her later Privacy Act request in November 2008, and because the SSA's FOIA regulations provide that it will treat an individual's request for her own records as a request under the Privacy Act, see 20 C.F.R. § 402.15(b), plaintiff's FOIA action was subsumed by her Privacy Act cause of action and should be dismissed.

In her objections, plaintiff argues that neither FOIA nor the Privacy Act themselves have provisions requiring a third-party receive an individual's medical records, and that the SSA cannot promulgate a regulation that defeats the purpose of the acts. This objection is without merit. The Privacy Act allows an agency to establish "special procedure[s] . . . for the disclosure to an individual of medical records." 5 U.S.C. § 552a(f)(3)). Accordingly, "by virtue of the plain language of th[is] statute . . ., a requesting individual is not entitled to 'undiluted' direct access to his records." Bavido v. Apfel, 215 F.3d 743, 750 (7th Cir. 2000). "As long as an agency assures the ultimate disclosure of the records to the requesting individual, it may impose a special procedure to limit the possible harm that could result from unfettered access to medical and psychological records." Id. Where the regulation at issue meets this requirement, plaintiff must comply with it to exhaust her administrative remedies.[3]

---

[3] In Bavido, the Seventh Circuit struck down an earlier version of the regulation because it "requir[ed] the designation of a representative who ultimately has complete discretion to disclose or to withhold the requested information." 215 F.3d at 750. Prior to the events at issue here, the SSA amended the regulation in such a way that ensures the ultimate disclosure of records. Compare 20 C.F.R. § 401.55(b)(1)(ii) (2000) (" The representative may be a physician . . . who would be willing to review the record and inform you of its contents at your representative's discretion." (emphasis added)) with 20 C.F.R. § 401.55(b)(1)(ii) (2007) ("Following the discussion, you are entitled to your records. The representative does not have the discretion to withhold any part of your record.").

8

Plaintiff further argues, however, that only her medical records are subject to the regulation requiring appointment of a representative, and that the SSA should have released the other information contained in her disability files regardless of whether or not she complied with the regulatory requirements governing medical records. Without deciding the merits this argument, the court notes that additional briefing of the parties would aid in decision on this aspect of the jurisdictional question. Additionally, where there may be differences between the jurisdictional concerns underlying actions brought pursuant to FOIA and the Privacy Act, see, e.g., Pollack v. Dep't of Justice, 49 F.3d 115, 116 n.1, 118 (4th Cir. 1995) (noting that FOIA, but not Privacy Act, allows for constructive exhaustion where the agency fails to timely respond to a request for information), the court does not believe that *sua sponte* dismissal of the FOIA action is warranted at this time absent further briefing by the parties. Accordingly, plaintiff may proceed with both her Privacy Act and FOIA claims, subject to possible dismissal in the future either *sua sponte* or upon motion of defendant SSA.

3.     FTCA Claim

In her sixth and final cause of action, for intentional infliction of emotional distress, plaintiff alleges that SSA employees intentionally and willfully failed to give her proper administrative review, failed to afford her proper due process rights in the administrative appeal process, and deprived her of benefits without due process of law. Plaintiff alleges that the Commissioner and other SSA employees knew or should have known that plaintiff had a propensity to suffer emotional distress, and further alleges that she did in fact suffer serious and substantial emotional distress. This final cause of action is brought directly against the United States under the FTCA, 28 U.S.C.

9

§§ 1346(b), 2671-2680, which allows for such an action where there is injury caused by the wrongful act or omission of a federal employee acting within the scope of his employment.

The magistrate judge recommends dismissing plaintiff's FTCA cause of action because the United States' waiver of sovereign immunity does not extend to claims arising under Title II of the Social Security Act. See 42 U.S.C. § 405(h). The magistrate judge properly noted the broad scope of this limitation, which "include[s] any claims in which 'both the standing and the substantive basis for the presentation' of the claims is the Social Security Act." Heckler v. Ringer, 466 U.S. 602, 615 (1984) (quoting Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975)); see also Jarrett v. United States, 874 F.2d 201, 204 (4th Cir. 1989) (holding that no cause of action exists under the FTCA for intentional infliction of emotional distress for alleged wrongful termination of Social Security benefits because § 405(h) provides the exclusive remedy for such a claim). Finding that the alleged failure to respond to plaintiff's administrative appeals was necessarily intertwined with plaintiff's claims for benefits and thus not distinct from a claim under Title II, the magistrate judge held that plaintiff's FTCA claim was foreclosed by the plain language of § 405(h).

Plaintiff argues that the analysis here should be different because her emotional distress was caused, at least in part, by a failure to comply with this court's order directing the SSA to grant plaintiff an expedited administrative review. Plaintiff asserts that by ignoring this fact, the magistrate judge fundamentally misunderstood her claim (or intentionally converted it into a different claim). According to plaintiff, the intentional infliction of emotional distress claim does not raise issues concerning the administrative review process, but rather raises issues concerning the SSA's failure to comply with the court's order and the alleged violation of plaintiff's due process rights that followed. Plaintiff further contends that the government does not possess immunity from

violations of court orders or the Constitution, and must face sanctions for failing to comply with either.

These objections do not have merit. The fact that the SSA did not comply with this court's order requiring it to engage in the administrative review process does not change the fact that the fundamental basis for plaintiff's claim is an alleged improper administrative review. Moreover, plaintiff is incorrect in stating that the government does not enjoy immunity for violation of the Constitution in the circumstances presented here. See Weinberger, 422 U.S. at 760-61 (holding that § 405(h) and sovereign immunity precluded an action that arises under both Title II and the Constitution); Jarrett, 874 F.2d at 202 (holding that § 405(h) bars a claim against the United States asserting violation of plaintiff's Fifth Amendment due process rights due to improper administrative review). Additionally, plaintiff provides no support for the assertion that the government does not retain immunity from monetary damages for failure to abide by a court order, and it would in fact appear that there is some case law to the contrary. See, e.g., In re Sealed Case, 192 F.3d 995, 1000 (D.C. Cir. 1999) ("We know of no statutory provision expressly waiving federal sovereign immunity from criminal contempt proceedings."); Coleman v. Espy, 986 F.2d 1184, 1189-90 (8th Cir. 1993) (holding that a plaintiff could not sue the government for failure to obey a court-imposed order because the United States had not waived sovereign immunity for civil contempt); McQueen v. Bullock, 907 F.2d 1544, 1550-51 (5th Cir. 1990) (suggesting that civil contempt cannot be enforced against United States itself, but only against individuals).[4]

---

[4] Assuming that other sanctions could be imposed on the government in the proper circumstances, the court declines to do so here because the SSA has offered a sufficient explanation for its failure to comply and now appears to be in compliance with the court's order. The SSA states that its previous failure to comply was inadvertent and was caused by the unusual nature of the court's order, which it misconstrued.

11

Upon a *de novo* review, the court concludes that federal law bars plaintiff's FTCA claim. Although the government has waived its sovereign immunity under that statute for some causes of action, including certain claims of intentional infliction of emotional distress, see Harms v. United States, 972 F.2d 339, 1992 WL 203942, at *4-6 (4th Cir. 1992) (unpublished table decision), the waiver contains an express limitation for any cause of action arising under Title II of the Social Security Act, 42 U.S.C. § 405(h). This statutory bar prevents the court from hearing a claim regarding a deprivation of Fifth Amendment due process rights for improper administrative adjudication. See Jarrett, 874 F.2d at 202. Accordingly, plaintiff's cause of action under the FTCA must be DISMISSED for lack of subject matter jurisdiction.

E.  Motions Relating to Entry of Default and Default Judgment

Plaintiff has moved for entry of default, for default judgment or judgment on the pleadings, and for expedited review of her motion for default judgment. Adopting the liberal standard for setting aside entry of default or default judgment, the magistrate judge recommended denying these motions, finding them to be the result of a misunderstanding between the parties at the initiation of this action as to the exact nature of the claims before the court. Because of this misunderstanding, the Commissioner of the SSA timely filed a motion to remand to complete the administrative review process, but no timely appearance was entered on the docket by the defendants as they are actually designated in the complaint.

Plaintiff, understandably upset that defendants and the Commissioner have misconstrued both this court's order in Melvin v. Barnhart and plaintiff's complaint in the instant cause of action, objects to the magistrate judge's disposition of these motions. She further notes that, regardless of any misunderstanding by defendants at the inception of the action, they were aware of but have failed

to respond to a number of plaintiff's motions. In the face of such objections, the court analyzes the motions relating to default *de novo*, beginning with plaintiff's motion for entry of default, a prerequisite for obtaining default judgment. See L&M Cos., Inc. v. Biggers III Produce, Inc., No. 3:08-CV-309-RJC-DCK, 2010 WL 1439411, at *5 (W.D.N.C. Apr. 9, 2010).

Entry of default is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Where, as here, the opposing party has made an appearance, the court may consider "1) whether the default was willful; 2) whether there is prejudice to the adversary/movant; 3) whether a meritorious defense is presented; 4) the nature of the defendant's explanation for the default; 5) the good faith of the parties; 6) the amount of money involved; and 7) the timing of the motion." Nichols Family Invs., LLC v. Hackenberg, No. 5:05-CV-249-V, 2007 WL 1041201, at *2 (W.D.N.C. Apr. 5, 2007). The defending party must also act with reasonable promptness and allege a meritorious defense. Regions Bank v. M/V Chasing Money, No. 4:08-CV-129-BR, 2009 WL 513039, at *1-2 (E.D.N.C. Feb. 26, 2009) (noting that the court should also consider personal responsibility of the party for default, the prejudice to the other party, the extent of the movant's dilatory action within the action, and the availability of less drastic sanctions).

Based on the foregoing factors, the court concludes that entry of default is not appropriate here as to plaintiff's FOIA or Privacy Act claims.[5] The failure of defendants was based on a misunderstanding of plaintiff's complaint and an assertion of their own theory of the case, under

---

[5] Having already dismissed many of plaintiff's claims after concluding that it does not have subject matter jurisdiction, the court addresses only the remaining FOIA and the Privacy Act claims. See also Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party . . ., the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."). The court notes, however, that the factors anyway dictate denying entry of default for the other claims.

which theory the Commissioner was required to file a motion to remand before answering. This theory of the case, although misplaced, was nevertheless undertaken in good faith, and the Commissioner, acting in his capacity as head of the SSA, acted timely under that theory. Moreover, the Commissioner's motion to remand remained pending throughout the litigation of this action and has only now been decided against the Commissioner, such that the Commissioner and the SSA reasonably could have felt no further action was needed. The Commissioner did, however, timely contest the motion for entry of default, and does not appear to have acted willfully or in bad faith with regards to the other motions filed by plaintiff. Finally, plaintiff has not shown any prejudice due to the failure to respond because the administrative records she seeks to obtain and the statutory maintenance provision she seeks to enforce are not subject to spoilation.

For the foregoing reasons, entry of default is not appropriate and plaintiff's motion seeking the same (DE # 33) is DENIED. Having found that entry of default is not appropriate, plaintiff may not obtain default judgment, see L&M Cos., Inc., 2007 WL 1041201, at *2, and plaintiff's motion for the same (DE # 38) and her motion to expedite consideration of that motion (DE # 39) are DENIED AS MOOT.

F.  Motion for Leave to Amend the Complaint

In her motion for leave to amend, which was not addressed by the magistrate judge, plaintiff seeks to add three causes of action to her complaint. Her amended complaint would include (1) a cause of action for intentional infliction of emotional distress against the Commissioner in his official capacity for violation of the court's order in Melvin v. Barnhart; (2) a cause of action under 42 U.S.C. § 1985(2) against Carolyn L. Simmons, Associate Commissioner of Central Operations, and the Commissioner, Michael J. Astrue, in his individual capacity, for allegedly conspiring to

destroy plaintiff's disability claim record and recover more than $60,000.00 in funds rightfully owed to plaintiff; and (3) a cause of action under 42 U.S.C. § 1985(3) against Simmons and Astrue, in his individual capacity, for allegedly conspiring together to destroy plaintiff's disability record to prevent her from appealing because of her race.

Plaintiff may amend her pleading one time as a matter of right before a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1). Plaintiff "has an absolute right" to amend her complaint in such circumstances, and it would be an abuse of discretion for the court to deny the motion to amend where plaintiff "ha[s] not yet amended as of right and . . . defendant ha[s] not filed a responsive pleading." Galustian v. Peter, 591 F.3d 724, 739 (4th Cir. 2010). This is true even where, as here, plaintiff seeks to add additional parties. Id. (citing Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999)). Accordingly, plaintiff's motion to amend her complaint and to add defendants Astrue and Simmons (DE # 48) is ALLOWED. Defendants SSA, Astrue, and Simmons shall have twenty (20) days to respond to the amended complaint.[6]

G.  Motion for Protective Order

Plaintiff requests what she describes as an emergency protective order requiring the attorneys and employees of the SSA, Department of Veteran Affairs, the United States government, the Fayetteville Police Department, the Cumberland County Sheriff Department, the Drug Enforcement Agency ("DEA"), and other federal law enforcement agencies to immediately stop their acts of harassment, threats and intimidation against plaintiff. In support of her motion, which was not addressed by the magistrate judge, plaintiff provides a litany of alleged instances of harassment or

---

[6] Defendant United States of America is no longer a party to this action, all claims against it having been dismissed and no additional claims having been raised against it in the amended complaint.

intimidation supposedly motivated to prevent her from continuing her prosecution of the instant case. Among other things, she alleges that DEA agents disguised as sheriff's deputies attempted to break into her home on April 27, 2010, that a Fayetteville police detective began investigating her and attempted to contact her, that an attorney for the Commissioner left her threatening voicemails, that U.S. Senator Kay Hagan or one of her employees sent her threatening mail, and that doctors at two Fayetteville hospitals and a local clinic refused to treat her for various maladies.

Plaintiff's request sounds as one seeking a temporary restraining order or preliminary injunction. Plaintiff's assertions, which appear to form the nucleus of a separate cause of action and are not in any case supported by any evidence, are insufficient to allow the court to grant her this relief. Moreover, plaintiff has not shown a threat of irreparable injury to herself, threat of injury to other parties, a probability of success on the merits of her case, or that the interests of the public support an injunction. See Conservation Council of N.C. v. Costanzo, 505 F.2d 498, 502 (4th Cir. 1974). Accordingly, plaintiff's motion captioned as one for an emergency protective order (DE # 49) is DENIED.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objections have been made, the court ADOPTS IN PART the recommendations and findings of the magistrate judge (DE # 42). The Commissioner's motion to remand (DE # 11) is DENIED and plaintiff's motion to deny the motion to remand (DE # 31) is ALLOWED in corresponding part. Plaintiff's first, second, third, and sixth causes of action are DISMISSED for

lack of subject matter jurisdiction. Plaintiff's fourth and fifth causes of action, alleging violations of FOIA and the Privacy Act, are allowed to continue.

Plaintiff's motion to withdraw (DE # 25) and motion to set aside (DE # 31) are ALLOWED, and her motions to amend the complaint (DE # 16), to compel a responsive pleading (DE # 19), and to stay decision on the Commissioner's motion to remand (DE # 21) are DENIED AS MOOT. Plaintiff's motion for entry of default (DE # 33) is DENIED, and her motions for default judgment (DE # 38) and for expedited consideration of that motion (DE # 39) are DENIED AS MOOT.

Of the motions not addressed by the magistrate judge, plaintiff's motion to amend (DE # 48) is ALLOWED, and her motion for an emergency protective order (DE # 49) is DENIED. The Clerk is DIRECTED to terminate the filings docketed as motions at docket entries 50 and 51, which the court construes as additional objections to the M&R and, to the extent they seek additional relief in relation to the objections to the M&R, are DENIED.

Defendants, now including the Social Security Administration, Commissioner Michael J. Astrue, and Associate Commissioner Carolyn L. Simmons, are DIRECTED to respond to the amended complaint within twenty (20) days of entry of this order.

SO ORDERED, this the 12th day of May, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge