IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-235-FL

| | | |
|---|---|---|
| PAMELA MELVIN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION; | ) | |
| MICHAEL J. ASTRUE, Commissioner of the | ) | |
| Social Security Administration, in his | ) | |
| individual and official capacities; and | ) | |
| CAROLYN L. SIMMONS, in her individual | ) | |
| capacity, | ) | |
| | ) | |
|     Defendants. | ) | |

This matter is before the court on plaintiff's motion for "a specific and explicit denial of her motion for judgment on the pleadings" (DE # 60), and her motion pursuant to 28 U.S.C. § 144 seeking the recusal of the undersigned (DE # 61). Defendants have filed response to the former, but not the latter. In this posture the issues raised are ripe for ruling.[1]

## BACKGROUND

Plaintiff initiated this action on June 24, 2009, originally naming the Social Security Administration and the United States of America as defendants. Plaintiff sought monetary and injunctive relief under the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act ("FOIA"),

---

[1] Also pending are plaintiff's motion for reconsideration of this court's order of May 13, 2010 (DE # 53) and plaintiff's motions to withdraw that motion (DE ## 67, 69). In her motion to withdraw, plaintiff notes that she filed her motion for reconsideration contemporaneously with a notice of appeal, and seeks now to proceed with her arguments exclusively before the appeals court. For good cause shown, plaintiff's motions to withdraw (DE ## 67, 69) are ALLOWED, and her motion for reconsideration (DE # 53) is consequently DENIED AS MOOT.

Finally, the court notes as pending defendants' motion for an extension of time to respond to plaintiff's amended complaint (DE # 58). For good cause shown, that motion is ALLOWED.

5 U.S.C. § 522, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff's complaint also invoked the Fifth Amendment to the United States Constitution, and was based on alleged deficiencies in her Social Security administrative appeals process.

On September 4, 2009, Michael J. Astrue, Commissioner of the Social Security Administration, moved to remand the action for further administrative proceedings, admitting the deficiencies alleged by plaintiff. Plaintiff objected to the Commissioner's participation, as he was not named as a defendant in the action, and filed a number of motions to this effect, including a motion to stay resolution of the motion to remand, a motion to strike the Commissioner's motion, a motion for entry of default and for default judgment, and a motion seeking expedited review of the default judgment motion. These matters were referred to Magistrate Judge Robert B. Jones.

On March 24, 2010, the magistrate judge entered a memorandum and recommendation ("M&R") addressing these motions. Among the recommendations made by the magistrate judge were that the court deny the Commissioner's motion to remand, dismiss plaintiff's claims save for the Privacy Act claim alleging violation of the maintenance provision of that Act, and deny plaintiff's motion for entry of default and motion for default judgment. Plaintiff timely filed objections to the M&R on April 7, 2010, and defendants responded on April 21, 2010.

On April 30, 2010, following defendants' response to her objections, plaintiff made four additional filings, docketed at docket entries 48 through 51. As relevant here, the filing at docket entry 50 was captioned "Plaintiff's Response to Document Filed on April 21, 2010 and Supplement Motion for Judgment on the Pleading and in the Alternative, Default Judgment." This filing contained arguments in opposition to defendants' response to plaintiff's objection to the M&R, and also requested that the court consider plaintiff's request for judgment on the pleadings before

2

Case 5:09-cv-00235-FL   Document 72   Filed 07/14/10   Page 2 of 9

reviewing her request for default judgment. The filing at docket entry 51 was captioned "Plaintiff's Motion for Magistrate Robert Jones to Unalter the Alterations That He Has Made to the Six Claims For Relief, Facts and Assertions That Are Alleged and Written in Plaintiff's Complaint." In that filing, plaintiff alleged that the magistrate judge altered her action by misinterpreting her claims for relief. The filing sought relief from the magistrate judge rather than this court.

By order entered May 13, 2010, this court adopted in part the magistrate judge's findings and recommendations over plaintiff's objections. In doing so, the court construed the filings at docket entries 50 and 51 as objections to the M&R, which were overruled. The clerk was accordingly directed to terminate these filings. However, the court also denied the two purported motions "to the extent they seek additional relief in relation to the objections to the M&R," that is, to extent they sought to have the court grant judgment on the pleadings despite the magistrate judge's analysis or to have the magistrate judge alter the M&R after submitting it to the court.

On May 21, 2010, plaintiff filed a motion for reconsideration of the court's order, and contemporaneously filed a notice of appeal of the court's order. She later moved to withdraw the motion for reconsideration, which motion to withdraw was allowed as set forth elsewhere herein. On June 17, 2010, plaintiff filed an "emergency expedited motion for the court to provide a specific and explicit denial of her motion for judgment on the pleadings," i.e., that motion lodged at docket entry 50. Also on June 17, 2010, plaintiff moved for the recusal of the undersigned, amending her motion on July 12, 2010.

**DISCUSSION**

A.   Motion for Explicit Denial

Plaintiff requests that the court provide a "more specific and explicit denial" of her motion

3

for judgment on the pleadings, meaning that filed at docket entry 50. Plaintiff states that the court "changed" this motion's date, caption, and relief, and then "covertly" denied the motion.[2] In the motion lodged at docket entry 50, plaintiff contended that she was entitled to judgment on the pleadings based on defendants' admission in their response to her objections that the Social Security Administration failed to act on the court's order of April 10, 2007. Plaintiff additionally argued that she was entitled to judgment on the pleadings because her allegations were to be accepted as true by the court under Rule 12(b)(1), defendants had failed to deny any of her allegations, the magistrate judge improperly "converted" her claims, and the public had a strong interest in requiring defendants to follow court orders.

Plaintiff's motion for "explicit denial" appears to the court as one that in part should be evaluated as a motion to reconsider an interlocutory order.[3] The court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)); cf. Fed. R. Civ. P. 54(b). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," Am. Canoe Ass'n,

---

[2] The allegation that the court changed the motion's date stems from a typographical error in this court's order noting that plaintiff's motion at docket entry 50 was filed on April 21, 2010, rather than April 30, 2010. This typographical error did not factor into the court's consideration of the motion itself.

[3] As mentioned, plaintiff's motion was filed after the filing of a notice of appeal of the court's earlier order. As a general matter, a notice of appeal divests this court of jurisdiction over "those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). However, an exception to this rule is that the court "does not lose jurisdiction to proceed as to matters in aid of the appeal." Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991). This exception would appear to be broad enough to cover the kind of motion for reconsideration sought here. Cf. Fobian v. Storage Tech. Corp., 164 F.3d 887, 891 (4th Cir. 1999) ("If the district court determines that [a 60(b)] motion [filed after a notice of appeal] is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith."). Moreover, although not a question for this court, the Fourth Circuit might decide that is can not or should not review the interlocutory decisions at issue on appeal.

4

326 F.3d at 514, but rather are "committed to the discretion of the district court," id. at 515 (citing Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983)). Nevertheless, while not bound by Rule 60(b), the court may look to the general principles embodied therein. See Fayetteville Investors, 936 F.2d at 1470

The court declines to reconsider its earlier ruling as to plaintiff's motion for judgment on the pleadings where, as here, there is no legal error or injustice to plaintiff evidenced in the court's decision. The Social Security Administration's failure to comply with the court's 2007 order in plaintiff's social security appeal does not as a matter of law dictate the relief plaintiff seeks, nor does the public's interest in ensuring defendants' compliance with court orders provide an independent justification for entering judgment for plaintiff. Additionally, the fact that the Commissioner in his official capacity, rather than "the Social Security Administration" and "the United States of America" as named in the complaint, responded first to the complaint was discussed at length by the court in its prior order, and plaintiff makes no new argument that suggests the court should reconsider this discussion. Finally, the court reiterates that neither the magistrate judge nor the court "converted" plaintiff's first three causes of action, each of which were captioned "Violation of the Fifth Amendment of the United States Constitution," by addressing them as Bivens claims, nor did the court err in dismissing these claims.

Regardless of how captioned by plaintiff and how interpreted by the court – be it as a motion or an objection to the magistrate judge's disposition of a motion – plaintiff's filing at docket entry 50 was denied because she was not entitled to the relief sought: judgment on her claims absent any further proceedings. The court finds no legal error in this conclusion. Moreover, the court did explicitly deny the motion to the extent it sought relief beyond this court's construction of the motion

5

as a mere objection. However, the court appreciates plaintiff's argument that this was difficult for her to determine where the court gave the docket entry rather than the full caption of plaintiff's motion and accidentally committed a typographical error in listing the wrong filing date for that motion, particularly where plaintiff, proceeding pro se, did not have ready access to the docket.

Accordingly, plaintiff's motion for "a specific and explicit denial of her motion for judgment on the pleadings" (DE # 60) is ALLOWED in part and DENIED in part. Although the court specifically and explicitly denied her motion for judgment on the pleadings in its prior order, the instant motion is ALLOWED insofar as the court clarifies that the prior order contains a denial in all respects of plaintiff's motion at docket entry 50 captioned "Plaintiff's Response to Document Filed on April 21, 2010 and Supplement Motion for Judgment on the Pleading and in the Alternative, Default Judgment." However, plaintiff's motion is DENIED insofar as it seeks reconsideration of that determination, for the reasons set forth above.

B.   Motion for Recusal

Plaintiff requests that the undersigned recuse herself from this civil action pursuant to 28 U.S.C. § 144. That section states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. The affidavit must be timely filed and must be accompanied by a certificate of counsel of record stating that it is made in good faith. Id. Although plaintiff has filed the affidavit required by statute and her filing is timely where this matter has not yet been called for trial, plaintiff

6

did not accompany her affidavit with the required certificate of counsel stating the affidavit is made in good faith. In this regard, her motion is plainly deficient.

Some courts have held that a pro se party cannot in any circumstances bring a § 144 affidavit without a certificate of "good faith" signed by a member of the bar. See, e.g., United States v. Rankin, 1 F. Supp. 2d 445, 450 (E.D. Pa. 1998); Robinson v. Gregory, 929 F. Supp. 334 (S.D. Ind. 1996). Others have found justifications for addressing the merits of a pro se § 144 motion even absent the certificate of counsel. See, e.g., Cohee v. McDade, 472 F. Supp. 2d 1082, 1083-84 (S.D. Ill. 2006) (construing the affidavit as a motion brought under 28 U.S.C. § 455, which does not contain the requirement of a certificate of counsel); Williams v. New York City Hous. Auth., 287 F. Supp. 2d 247 (S.D.N.Y. 2003) (noting the insufficiency of the pro se movant's affidavit where it lacked the certificate of counsel, but addressing the movant's arguments). Although it appears that the plain language of the statute justifies summarily denying plaintiff's motion, the court will take the latter approach and address the merits of plaintiff's arguments in light of "the liberality to be afforded pro se litigants." See Carter v. Hutto, 781 F.2d 1028, 1031 (4th Cir. 1986).

"A judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts allege." Sine v. Local No. 992 Int'l Bhd. of Teamsters, 882 F.2d 913, 914 (4th Cir. 1989). For recusal to be mandated, "[t]he alleged bias must . . . be personal, as distinguished from judicial, in nature." United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984). In other words, no recusal is warranted if the alleged bias is "merely based upon the judge's rulings in the instant case or related cases . . . ." Id. (internal quotation marks omitted); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

7

Plaintiff's allegations of bias here are all premised on the undersigned's rulings on plaintiff's motions in the instant case. Her affidavit states that the undersigned (1) "converted plaintiff's first three Privacy Act claims to <u>Bivens</u> claims then dismissed the claims," (2) "denie[d] plaintiff's Motion for Judgment on the Pleadings but hid[] the denial from plaintiff," (3) "refuses to make an explicit and specific denial," (4) "accepts ex parte communications as evidence and allows a non-party to . . . act [as] a defendant who files motions and objections," and (5) "conspired to prevent service of process on new defendants." These statements appear to refer generally to the dismissal of a number of plaintiff's claims, the denial of plaintiff's motion docketed at docket entry number 50, and the participation of the Commissioner in this case.

These matters are currently the subject of plaintiff's appeal, and indeed if the undersigned erred in these determinations, such errors "are proper grounds for appeal, not for recusal." <u>Liteky v. United States</u>, 510 U.S. at 555. Where plaintiff's affidavit is insufficient to demonstrate that the undersigned "reveal[s] such a high degree of favoritism or antagonism as to make fair judgment impossible," <u>id.</u>, and where indeed any such allegation of personal bias and prejudice on the part of the undersigned is wholly without basis, plaintiff's motion for recusal (DE # 61) is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motions to withdraw her motion for reconsideration (DE ## 67, 69) is ALLOWED and plaintiff's motion for reconsideration (DE # 53) is thus DENIED AS MOOT. Plaintiff's motion for "a specific and explicit denial of her motion for judgment on the pleadings" (DE # 60) is ALLOWED in part and DENIED in part. It is ALLOWED to the extent the court herein clarifies its explicit denial of her motion at docket entry 50 in the court's order of May 13, 2010. It is DENIED insofar as it seeks reconsideration of that determination. Plaintiff's motion

8

for the recusal (DE # 61) is DENIED where the proper procedural vehicle for plaintiff's complaints is the currently pending appeal rather than a motion to recuse, and where the recusal motion moreover lacks any basis in law or fact. Finally, the court notes as pending defendants' motion, filed May 28, 2010, for an extension of time to respond to plaintiff's amended complaint (DE # 58). For good cause shown, that motion is ALLOWED, and defendants' motion to dismiss filed July 1, 2010, is deemed timely filed.

SO ORDERED, this the 14th day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge