IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-235-FL

| | | |
|---|---|---|
| PAMELA MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion to stay pending appeal (DE # 75), motion to compel (DE # 76), motion for reconsideration of plaintiff's motion for recusal (DE # 77), motion for the undersigned to provide evidence that plaintiff requested reconsideration (DE # 78), motion to withdraw the motion to compel (DE # 79), and renewed motion to stay pending appeal (DE # 80). Defendants have not responded to these motions, and the time within which to do so has passed. In this posture, the issues raised are ripe for adjudication. For the reasons that follow, the court allows plaintiff's motion to withdraw and denies plaintiff's other motions.[1]

**STATEMENT OF THE CASE**

On June 24, 2009, plaintiff filed this action against the Social Security Administration ("SSA") and the United States of America, alleging procedural deficiencies and record-keeping violations with respect to her administrative Social Security appeal. On September 4, 2009,

---

[1] Also pending is defendants' motion to dismiss or, in the alternative, for summary judgment (DE # 63). Although the time to respond to this motion has since passed, the court will provide plaintiff an additional twenty-one (21) days within which to respond for the reasons set forth herein.

Commissioner Michael J. Astrue moved to remand the action to allow plaintiff to pursue her administrative appeal further, admitting that the SSA had not properly engaged in that process following an earlier remand from this court. Plaintiff fiercely contested the motion to remand and the Commissioner's ability to participate in this action.

On May 13, 2010, adopting the recommendation of United States Magistrate Judge Robert B. Jones Jr., the court denied the Commissioner's motion to remand. The court also dismissed four of the six causes of action asserted by plaintiff, allowing claims under the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, to proceed. Plaintiff was also permitted to amend her complaint to add claims against the Commissioner in his official and individual capacities and Associate Commissioner Carolyn L. Simmons in her individual capacity. The court also granted plaintiff's then-pending motion to withdraw and motion to strike, and denied her second motion to amend, motion to compel, motion to stay, motion for entry of default, motion for default judgment, motion for expedited consideration, motion for emergency protective order, and other motions related to the magistrate judge's memorandum and recommendations.

On May 21, 2010, plaintiff filed a motion for reconsideration of the court's order, which she later withdrew. Contemporaneous with the filing of the motion for reconsideration, plaintiff filed a notice of appeal. On June 17, 2010, plaintiff filed "an emergency motion for the court to provide a specific and explicit denial of her motion for judgment on the pleadings" and a motion for recusal of the undersigned. Plaintiff filed a second notice of appeal on July 12, 2010.

By order entered July 14, 2010, the court allowed in part and denied in part the motion for a "specific and explicit denial of plaintiff's motion for judgment on the pleadings." The court construed that motion as, in part, seeking a reconsideration of the motion for judgment on the

2

pleadings, which plaintiff believed had not been adjudicated. As such, the motion was allowed to the extent that the court clarified that it had in fact denied plaintiff's motion for judgment on the pleadings, but denied to the extent that the court found no cause to reconsider that denial. The court also denied plaintiff's motion for recusal, noting that plaintiff's allegations of bias were premised on the court's rulings on plaintiff's various motions in the instant action and that the alleged bias was therefore judicial rather than personal in nature.

On July 1, 2010, defendants filed a motion to dismiss or, in the alternative, for summary judgment. Rather than respond to defendants' motion, plaintiff began to file the various motions that are the subject of the instant order.[2] On July 19, 2010, plaintiff filed motions to stay consideration of defendants' motion pending appeal, to compel production of tape recordings of her four administrative hearings, to reconsider her motion for recusal, and to provide evidence to support the court's characterization of plaintiff's motion for a "specific and explicit denial" as a motion for reconsideration. On August 4, 2010, plaintiff filed a motion to withdraw the motion to compel and a second motion to stay. Defendants did not respond to these motions.

## DISCUSSION

A.    Motion to Withdraw Plaintiff's Motion to Compel

In her motion to compel, plaintiff requests an order requiring the SSA to produce audible recordings of her four administrative hearings in 1996 and 1998. She later moved to withdraw this request, stating that she received some of the requested hearing tapes and found them to be inaudible.

---

[2] Before entering summary judgment against a *pro se* plaintiff, the court must provide her with fair notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On July 1, 2010, the clerk sent a letter to plaintiff informing her of these requirements.

3

For good cause shown, plaintiff's motion to withdraw is ALLOWED and her motion to compel is accordingly DENIED AS MOOT.

B.    Motion for Reconsideration

Plaintiff asks the court to reconsider her motion for recusal of the undersigned pursuant to 28 U.S.C. § 144. In denying the motion for recusal, the undersigned noted that the plain language of § 144 precludes a *pro se* plaintiff bringing such a motion without a certificate of good faith signed by a member of the bar. However, the undersigned proceeded to address the merits of plaintiff's motion in the spirit of the liberality afforded to *pro se* litigants, and found that plaintiff's affidavit of bias was legally insufficient to warrant recusal. Plaintiff's affidavit was addressed at the undersigned's rulings on various motions in the instant case, which would be the proper subject of an appeal and not a motion to recuse absent some personal bias against plaintiff.

In her motion for reconsideration, plaintiff again asserts these and similar bases for recusal. She also claims personal bias in that "district courts are automatically prejudice[d] against pro se plaintiffs who file actions against [the courts'] employer, the United States government." (Mot. for Reconsideration 11.) As before, plaintiff's allegations of bias are insufficient to merit recusal of the undersigned. The undersigned is not personally biased against plaintiff in any way, and plaintiff's argument that all district courts are biased against any and all *pro se* plaintiffs filing actions against the United States government, if true, would require the recusal of every federal district court judge from her case if true. This result clearly was not contemplated by § 144, and plaintiff's allegation is in any event completely without merit. Plaintiff's motion for reconsideration is DENIED.

C.    Motion for the Court to Provide Evidence That Plaintiff Requested Reconsideration

4

Plaintiff requests that the court provide "evidence" that plaintiff requested reconsideration of the denial of plaintiff's motion captioned as one for judgment on the pleadings at docket entry 50. In a previous order, the court had denied that motion, and plaintiff thereafter requested a "specific and explicit denial" of the motion. The court, liberally construing plaintiff's filings, see Carter v. Hutto, 781 F.2d 1028, 1031 (4th Cir. 1986), treated the motion for a "specific and explicit denial" as one seeking reconsideration of the motion at docket entry 50. In reconsidering the motion, the court specifically and explicitly stated why the motion was denied and also confirmed for plaintiff that the motion had been denied. Where the court's disposition of plaintiff's motion for a "specific and explicit denial" speaks for itself and is justified as set forth in the previous order, and where the court does not provide "evidence," plaintiff's motion is DENIED.

D.     Motions to Stay Pending Appeal

Plaintiff requests that the court stay its consideration of defendants' motion to dismiss or, in the alternative, for summary judgment pending the outcome of her appeal of this court's order of May 13, 2010. As already noted, in that order the court dismissed four of the six causes of action asserted by plaintiff, and denied plaintiff's motions for entry of default, for default judgment, and for judgment on the pleadings, among other motions. Plaintiff contends that because her appeal of the order implicates one or more of the claims sought to be dismissed by defendants, decision on defendants' motion would prejudice her right to appeal.

Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). However, only final orders and certain enumerated interlocutory and collateral orders may be appealed without leave from the court. See

5

28 U.S.C. §§ 1291, 1292; Fed. R. App. P. 4, 5. If a plaintiff prematurely appeals an unappealable interlocutory order, the district court retains jurisdiction. See Wis. Mut. Ins. Co. v. United States, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision."); Cochran v. Birkel, 651 F.2d 1219, 1222 (6th Cir. 1981) (collecting cases).

It appears to this court that plaintiff's notice of appeal has been filed prematurely. See, e.g., Scinto v. Preston, 231 F. App'x 250 (4th Cir. 2007) (per curiam) (dismissing appeal of district court order denying motion for default judgment because order was neither final order nor an appealable interlocutory or collateral order); Tisdale v. South Carolina, 157 F. App'x 593 (4th Cir. 2005) (per curiam) (dismissing appeal of district court order denying motion for judgment on the pleadings on the same grounds). Moreover, the court finds no other justification for staying its consideration of defendants' motion where any disposition of the same will either be favorable to plaintiff or will ripen her now-pending appeal. As such, plaintiff's motions for a stay are DENIED.

Although the court will not stay its consideration of defendants' motion, that motion is not yet adequately briefed where *pro se* plaintiff filed the motions to stay instead of fully addressing defendants' arguments. In light of the court's added responsibility to ensure that *pro se* parties are given an opportunity to present their claims, the court will allow plaintiff an additional twenty-one (21) days from date of entry of this order to respond to the motion. Defendants shall thereafter have fourteen (14) days to reply. See Local Civil Rule 7.1.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to withdraw her previously filed motion to compel (DE # 79) is ALLOWED, and the motion to compel (DE # 76) is accordingly DENIED AS

6

MOOT. Plaintiff's motion for reconsideration of her motion for recusal (DE # 77) and plaintiff's

motion for the undersigned to provide evidence that plaintiff requested reconsideration (DE # 78)

are DENIED. Finally, plaintiff's motions to stay disposition of defendants' motion pending appeal

of the court's order of May 13, 2010 (DE # 75) is DENIED. Plaintiff is allowed twenty-one (21)

days from date of entry of this order to respond to defendants' motion to dismiss, and defendants are

thereafter allowed fourteen (14) day to reply.

SO ORDERED, this the 13th day of September, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

7