IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CV-235-FL

| | | |
|---|---|---|
| PAMELA MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss or, in the alternative, motion for summary judgment (DE # 63). Plaintiff has chosen not to respond in opposition to defendants' motion, instead seeking voluntary dismissal of her remaining claims under Rule 41 of the Federal Rules of Civil Procedure (DE # 83). Also pending is plaintiff's motion for the undersigned to confirm that service of process is not required on the individual defendants (DE # 82). The issues raised in these motions now are ripe for adjudication. For the reasons that follow, plaintiff's motion for voluntary dismissal is granted, and the remaining motions are denied as moot.

## STATEMENT OF THE CASE

On June 24, 2009, plaintiff filed this action against the Social Security Administration ("SSA") and the United States of America, alleging procedural deficiencies and record-keeping violations with respect to her administrative Social Security appeal. Plaintiff asserted six separate claims for relief. The first three claims were captioned "Violation of the Fifth Amendment of the United States Constitution: Deprivation of Property Interest." Plaintiff's fourth claim asserted a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522; the fifth claim asserted a

violation of the Privacy Act, 5 U.S.C. § 552a; and the sixth claim sought relief for intentional infliction of emotional distress.

On May 13, 2010, adopting the recommendation of United States Magistrate Judge Robert B. Jones Jr., the court dismissed all but plaintiff's FOIA and Privacy Act claims. The United States of America was dismissed as a defendant. Plaintiff was also permitted to amend her complaint to add three claims against Commissioner Michael J. Astrue in his official and individual capacities and Associate Commissioner Carolyn L. Simmons in her individual capacity. These new claims allege intentional infliction of emotional distress, violation of 42 U.S.C. § 1985(2), and violation of 42 U.S.C. § 1985(3). The court directed defendants, including the Commissioner and Associate Commissioner, to respond to the amended complaint within twenty-one (21) days.

On July 1, 2010, defendants timely moved to dismiss or, in the alternative, for summary judgment.[1] Although directed by the clerk to respond to defendants' motion, as dictated by Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), plaintiff declined to do so. Instead, plaintiff began to file a number of motions attacking the court's previous orders. On July 12, 2010, plaintiff filed a notice of appeal as to the court's order of May 13, 2010, and later moved the court to stay consideration of defendants' motion to dismiss pending the outcome of that appeal.

In orders entered July 14, 2010, and September 14, 2010, the court adjudicated plaintiff's motions attacking the court's handling of this matter. As relevant here, in the September order the court declined to stay its consideration of defendants' motion to dismiss. The court noted that plaintiff's notice of appeal appeared to the court to be premature in that plaintiff sought to appeal an

---

[1] Defendants moved for an extension of time on May 28, 2010. By order entered July 14, 2010, the court granted that unopposed motion retroactively, and deemed defendants' motion to be timely filed.

2

unappealable interlocutory order. Although the court declined to enter the stay requested by plaintiff, it afforded her an additional twenty-one (21) days to respond to defendants' motion.

Plaintiff again declined to respond in opposition to defendants' motion to dismiss. Instead, on September 17, 2010, plaintiff filed a motion asking the court to "confirm and state in writing" that service of process is not required on the Commissioner or Associate Commissioner, that the court has personal jurisdiction over these defendants, how the court obtained such jurisdiction, and who sent these defendants copies of the amended complaint. On September 24, 2010, plaintiff filed a motion for voluntary dismissal of her remaining claims.[2] In that motion, plaintiff asserts her belief that she will be unable to achieve a fair and impartial decision on her claims before this court, and seeks to ripen her pending appeal of the court's earlier orders by dismissing the remaining claims. Plaintiff also asserts that "[t]he defendants' motion to dismiss . . . supports this dismissal." (Mot. to Voluntarily Dismiss 5.)

**DISCUSSION**

A.  Voluntary Dismissal

The court must first consider whether plaintiff has the absolute right to voluntarily dismiss her remaining claims. Rule 41(a)(1)(A)(i) gives a plaintiff the right to "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546-48 (4th Cir. 1993). Although Rule 41 speaks of dismissing an "action," partial dismissals

---

[2] It is unclear whether plaintiff wishes to dismiss all of her remaining claims, as she did not expressly seek to dismiss her seventh cause of action (intentional infliction of emotional distress) in her motion as a claim she either seeks still to appeal or to dismiss. The wording and rationale of her motion strongly suggests that plaintiff seeks to dismiss the entirety of her remaining claims in order to allow her appeal to ripen and to avoid any further consideration of her claims by this court. The court treats the motion as seeking dismissal of all claims.

3

are allowed under the rule. See, e.g, Leverette v. Bell, 247 F.3d 160, 164 (4th Cir. 2001) (noting voluntary dismissal of one claim with second claim remaining pending); Grier v. Titan Corp., 25 F. Supp. 2d 719, 720 ("Prior to trial, some claims were disposed of by way of voluntary dismissals and partial summary judgment.").

As already noted, on July 1, 2010, more than two months before plaintiff filed her motion for voluntary dismissal, defendants filed a motion captioned as a "motion to dismiss or, in the alternative, motion for summary judgment." Accordingly, the question presented here is whether this motion qualifies as a motion for summary judgment that will defeat plaintiff's absolute right to voluntarily dismiss her remaining claims. The Fourth Circuit's decision in Finley Lines Joint Protective Board v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997), suggests that the answer to this question is "no" and that plaintiff retains the right to voluntarily dismiss her remaining claims.

The plaintiff in Finley filed a notice of voluntary dismissal after the defendant had filed a motion to dismiss along with supporting affidavits. 109 F.3d at 994. The district court vacated the notice of voluntary dismissal and granted the motion to dismiss, ostensibly because a motion to dismiss under Rule 12(b)(6) that is accompanied by supporting affidavits may be converted into a motion for summary judgment under Rule 56. Id. The Fourth Circuit reversed, holding that "a motion to dismiss supported by extraneous materials [is not] automatically convert[ed] to a summary judgment motion upon service." Id. at 996. Instead, the conversion takes place "at the discretion of the district court . . . at the time the court affirmatively decides not to exclude extraneous materials." Id. (internal quotation marks omitted). Accordingly, a plaintiff may voluntarily dismiss claims under Rule 41(a)(1)(i) until the court affirmatively converts a motion to dismiss to one seeking summary judgment. Id. at 996-97.

4

This case differs from Finley in that defendants' motion here is clearly captioned as one seeking summary judgment as an alternative to dismissal under Rule 12(b)(6), whereas the motion to dismiss in Finley did not explicitly mention summary judgment. This is a distinction without a difference, however. As in Finley, the court has the discretion to treat defendant's motion as one under Rule 12(b)(6) by excluding the extraneous materials. Moreover, the text of defendants' motion clearly indicates that summary judgment is an alternative ground and that dismissal under Rule 12(b)(6) is the relief requested by the motion. Finally, although the motion in Finley was captioned only as a motion to dismiss, the defendant in that case filed a separate motion asking the court to treat its motion to dismiss as a motion for summary judgment. In short, Finley suggests that it is the court's treatment of a motion to dismiss, rather than how it is captioned or supported, that determines whether the motion is converted to a motion for summary judgment to defeat voluntary dismissal.

Accordingly, the court finds that plaintiff has an absolute right under Rule 41(a)(1)(A)(i) to dismiss her remaining claims without prejudice because defendants have not yet filed an answer or a motion for summary judgment, and the court has not yet converted defendants' motion to dismiss into a motion for summary judgment. Although the court finds no merit to plaintiff's suggestion that her claim has not been treated with fairness and impartiality, and is troubled by the motivations behind plaintiff's motion for voluntary dismissal, these concerns cannot override plaintiff's absolute right to voluntarily dismiss her claims in the circumstances presented here. See Marex Titanic, 2 F.3d at 547 (noting that although "one can question the wisdom of allowing a party . . . to dismiss a case in order to avoid an unfavorable decision on the merits[,]" the court's task is "to apply the text [of Rule 41], not to improve upon it").

B. The Parties' Remaining Motions

In light of the dismissal of plaintiff's remaining claims, defendants' motion to dismiss those same claims is now moot. And where all claims against the Commissioner and Associate Commissioner have been dismissed, plaintiff's motion to confirm that service of process is not required on these individuals is also moot. Accordingly, these motions are denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to voluntarily dismiss her remaining claims under Rule 41 (DE # 83) is GRANTED. Defendant's motion to dismiss or, in the alternative, motion for summary judgment (DE # 63) is DENIED AS MOOT. Plaintiff's motion for the undersigned to confirm service of process is not required on the individual defendants (DE # 82) is also DENIED AS MOOT. The Clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge